## COOK & LAMKIN v. BLOODGOOD, USE, &c.

1. A declaration in an action against an attorney, charging a neglect of profes-
sional duty, or even impropriety of conduct, if it set out an undertaking by the
defendant to collect money, and alledge a promise to make good the loss result-
ing from the breach thereof, is a declaration in *assumpsit*.

2. *Semble*—If one of the attorneys, who are practising law in partnership, receive
his own notes of a debtor against whom the firm are intrusted with a demand
for collection, in satisfaction thereof, he will be liable to his copartner for any in-
jury he may sustain as a consequence of the act.

3. In professional partnerships formed for the practice of the law, if one member of
the concern acknowledges the receipt of money for a client, the latter need not
inquire how the claim was collected, or whether paid at all, or not, but may
charge the firm upon the assumption that the receipt expresses the truth; and
the partner who had no agency in giving the receipt cannot gainsay its truth.

4. An attorney is not authorized to receive his own or any other person's note in payment of a debt placed in his hands for collection ; and if notes are received by a sheriff in satisfaction of an execution, either with or without the direction of the attorney, the return may be vacated on motion, and another execution issue. *And semble*—if the notes were received without the attorneys approbation, the sheriff would be liable, if with it, then the attorney would be liable : either of these remedies the creditor may pursue according to the facts.

5. *Semble*—Where an attorney is subjected to damages in consequence of the neglect, or improper conduct of his copartner, in the collection of a debt due by judgment, he will be remitted to the remedy by execution, to which the plaintiff was entitled.

Writ of error to the Circuit Court of Lowndes.

THIS was an action of assumpsit at the suit of the defendant in error against the plaintiffs, for money had and received, for neglect as attorneys in not collecting a note placed in their hands for collection, for discharging and acquitting the parties thereto from its payment, &c. The cause was tried by a jury, who returned a verdict for the plaintiff, on which judgment was rendered.

On the trial the defendants excepted to the ruling of the Court. From the bill of exceptions, it appears, that the defendants had obtained a judgment as partners in the practice of the law, in favor of the plaintiff, against Harrison and others for the sum of ———, that execution issued thereon, and had been returned "satisfied;" that the sum of ——— had been received of the sheriff in money, and paid over to the plaintiff on demand. The residue of the sum due on the execution, was received from the sheriff in Lamkin's individual notes, and a receipt given by the latter in the joint names of the defendants. Mrs. Harrison, one of the parties to that judgment, was still solvent.

The defendant Cook, prayed the Court to charge the jury as follows': 1. That a professional partnership did not authorize Lamkin to receive from the defendant his individual notes, as payment of a debt due a client, of the defendant's, and that such an act of Lamkin, did not make Cook liable as a partner for money had and received. 2. That to render Cook liable under the count, for money had and received, the jury must believe that money had been received by himself, or Lamkin, as partners, and that a receipt by the latter, of his individual notes, would not charge Cook for money had and received. Both these charges were refused.

E. W. Hayne and J. A. Elmore, for the plaintiffs in error, made the following points: 1. The counts which charge negligence and a consequential loss, are in case, and improperly joined with counts in assumpsit: there is then, a misjoinder of causes of action, which is available on motion in arrest of judgment; and this motion, it is admitted, was made in the Circuit Court. 2. The reception of notes in discharge of the judgment, will not support an action for money had and received. 3. Lamkin transcended his powers as a partner, in receiving his own notes for a demand placed in the hands of himself and copartner to collect; and Cook cannot be charged with the amount of these notes as cash. [Gullett v. Lewis, 3 Stew. Rep. 22; Kirk v. Glover, 5 Stewart and Porter Rep. 340.]

Gilchrist, for the defendant in error, insisted, that there was no misjoinder of causes of action—an attorney may be sued in assumpsit for neglect. [Mardis' adm'r. v. Shackleford, 4 Ala. Rep. 493.] The defendants received the notes of Lamkin as money, in satisfaction of the plaintiff's execution, and as against plaintiff, cannot object that it was satisfied with something else than money. [1 Wheat. Selw. 90–91; Randall v. Rich, 11 Mass. Rep. 494.]

COLLIER, C. J.—It is clear, that all the counts in the declaration are in assumpsit. True, some of them may attribute neglect of professional duty, or even impropriety of conduct, yet they all set out the defendant's undertaking to collect the money, and alledge a promise to make good the loss resulting from a breach of their undertaking. Mardis' admr's v. Shackleford, (4 Ala. Rep. 493,) is a decisive authority on this point.

There can be no question but Lamkin transcended his powers in receiving his own notes in satisfaction of the plaintiff's execution against Harrison and others, and that he is liable to Cook for any injury he may sustain as a consequence of that act. [Story on Partn. 264–5; Smith v. Loring, 2 Ohio Rep. 440.] But it does not follow from this admission, that both the defendants are not liable to the plaintiff. It is stated as a general rule, that where the creditor *of one* of a firm, takes a note in the name of the partnership, the company are not bound to pay it, unless it passes into the hands of a *bona fide*

holder. [Lansing v. Gaine & Ten Eyck, 2 Johns. Rep. 300; New York F. Ins. Co. v. Bennett, 5 Cow. Rep. 574; Leroy v. Johnson, 2 Peter's Rep. 199.]

It has been held, that one partner alone, may release, or even compound, or compromise a partnership demand; that as a debtor may lawfully pay his debt to one of them, he ought also, be able to obtain a discharge upon due payment. Further, that as the release operates against the partner himself, and no suit could be brought for the debt without uniting him as a plaintiff, the release of one plaintiff would necessarily bar the action as to the other. [Story on Partn. 171-2.]

Thus, we see, that an act of one partner which would be invalid *inter se*, may be operative and effectual in respect to third persons. This is a most salutary rule, and clearly defensible in morals. If the law were otherwise, it would require great caution in many cases, in ascertaining whether a person would be safe in transacting business with one partner, on account of the firm.

The admission of one partner within the scope of the partnership, and relating to its business, are obligatory upon the firm; for every partner is an agent of the firm, and virtually embraces the character both of principal and agent; and his rights, powers, duties, and obligations, it is said, are in may respects governed by the same rules and principles as those of an agent. [Story on Partn.] It results from these principles, that the admissions of a partner, as it respects persons dealing *bona fide* with the company, are in legal effect the admissions of the firm.

In professional partnerships, formed for the practice of the law, if one member of the concern acknowledges the receipt of money for a client, the latter need not inquire how the claim was collected, or whether paid at all, or not; but may charge the firm upon the assumption, that the receipt expresses the truth. And in such case, the partner who had no positive agency in giving the receipt, cannot gainsay its truth. It is stated as an established principle, that where an admission is made by a party, which, if true, entitles another to an action against him, if he bring suit, he shall be bound, whether he spoke true or false. Hall, et ux. v. White, 3 Carr. & P. Rep. 242, is a strong case on this point. That was an action

of detinue for deeds and writings. The evidence was, that the defendant wrote to the plaintiff concerning a proposed interview on the subject. "I have no objection to submit the deeds to Mr. Watson's perusal, nor to his taking extracts." Another letter prescribed conditions, and said the deeds would not be forthcoming unless the conditions were complied with. Best, Ch. J. remarked, "If the defendant said that he had the deeds and thereby induced the plaintiffs to bring their action against him, I shall hold, that they may recover against him, although the assertion was a fraud on his part. It appears by his letter, that he did say so; and therefore, I am of opinion, that the verdict must be for the plaintiff." So in Den ex. dem. Mordecai's heirs v. Oliver, 3 Hawks. Rep. 479, a defendant in ejectment in a conversation before suit brought, with a view to being made a defendant, and trying the title, declared that he was in possession; and the action was thereupon brought against him: Held, that he has concluded, though in truth he was not in possession. And Lord Kenyon ruled, that the defendant was concluded by his admission, and could not show that he was mistaken; for whether the misrepresentation was unintentional or designed, it had equally the effect of inducing the plaintiff to sue. [Doe, ex. dem. Eyre v. Lambly, 2 Esp. Rep. 635.] Many other cases to the same effect are collected by the learned annotators upon Phillips on Ev. 2 Vol. 205–6, et post.

This view is decisive to show, that the receipt of Lamkin to the sheriff, as it respects the plaintiff, is conclusive upon Cook; and that the latter cannot be permitted to show that the receipt was gived for Lamkin's individual notes.

The cases of Gullett v. Lewis, and Kirk v. Glover, maintain, that a satisfaction of the execution by Lamkin's notes, is not such a payment as the plaintiff is bound to recognize; and if he had so elected, he might have proceeded against the sheriff and made the money of him; unless the sheriff received the notes of the defendants in execution by Lamkin's directions or consent. If the notes of Lamkin were received by the sheriff either with, or without Lamkin's approbation, the execution was not satisfied *pro tanto,* and the return of the sheriff thus far, might be vacated on motion, and another execution awarded. The plaintiff, we say, would be entitled to

either of these remedies according to the facts. If then, Cook, an innocent party, is compelled to pay the plaintiff his demand to an amount equal to the notes received by Lamkin, he must be remitted to all the remedies which the plaintiff had for its collection, that he may reimburse himself. This conclusion rests on such obvious principles of equity, and legal analogies so well established, that it is unnecessary to support it by authorities, or illustrate it by reasoning.

It results from what has been said, that the judgment of the Circuit Court must be affirmed.