No. 12,402.

MILLER, ADMINISTRATOR, v. ROBERTS.

PLEADING.—*Counter-Claim.*—Under sections 350 and 351, R. S. 1881, any matter which is pleaded as a counter-claim must either arise out of, or be connected with, the contract or transaction set forth as a cause of action in the complaint; otherwise the counter-claim will be bad on demurrer for the want of facts, although the facts set forth might have been a good defence if pleaded by way of answer.

SAME.—*Account.*—*Counter-Claim as to Separate Items.*—Where a complaint declares on an account, and a bill of particulars containing the items of account is filed, each item constitutes a distinct cause of action within the meaning of the statute relating to counter-claims, and a counter-claim may be founded upon any matter arising out of or connected with it.

From the Ohio Circuit Court.

*J. S. Jelley,* for appellant.

*J. B. Coles, S. H. Stewart* and *O. F. Roberts,* for appellee.

Howk, J.—It is shown by the record of this cause, that on the 10th day of April, 1885, appellee Roberts recovered a judgment in the court below against James B. Wilson, then in full life, for his damages assessed by the jury, and his costs therein expended. Wilson appealed from such judgment, and on the 13th day of June, 1885, filed a transcript of the record, with his assignment of errors endorsed thereon, in the clerk's office of this court, and on October 1st, 1885, the cause was duly submitted for hearing and final decision. Afterwards, on November 6th, 1885, the death of Wilson, intestate, and the appointment and qualification of James B. Miller, as administrator of Wilson's estate, were suggested to the court, and, on appellee's motion, James B. Miller, administrator, etc., was substituted as appellant in this cause.

Several errors have been assigned upon the record, but as appellant's counsel has complained in argument of only one alleged error, the other errors assigned will not be considered. The one error upon which counsel rely for the reversal of the judgment below, is the alleged error of the court in

sustaining appellee's demurrer to appellant's counter-claim. Of this alleged error appellant's counsel says: "We claim the court erred in sustaining appellee's demurrer to appellant's counter-claim, for the reason that, if the facts as stated in such counter-claim had been proven, it was a good and meritorious defence to the action, and a verdict would have been returned in favor of appellant, and for this cause we claim the court erred in sustaining such demurrer, and judgment should have been rendered for appellant."

This is the entire argument of appellant's counsel upon the point under consideration; we are not convinced thereby that the ruling complained of was or is erroneous. It may be true, as counsel says, that the facts stated in the pleadings were "a good and meritorious *defence* to the action;" but, if they were, they should have been pleaded as a defence in an answer to the complaint, and not as a cross action, by way of counter-claim. It is not every good and meritorious defence to an action which can be pleaded thereto as a counter-claim, in such manner as to withstand a demurrer for the want of sufficient facts. If Roberts had been justly indebted to appellant's decedent, at and before the commencement of this suit, for goods sold and delivered, or upon a promissory note, in a sum largely in excess of the amount demanded by Roberts, such indebtedness would not have constituted a proper matter of counter-claim, and, if thus pleaded, the pleading would have been clearly bad on demurrer. In section 350, R. S. 1881, a counter-claim is thus defined :

"A counter-claim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages."

In section 351, R. S. 1881, a counter-claim is referred to as a matter "arising out of the contract, or transaction set forth in the complaint as the ground of the plaintiff's claims, or any of them."

Under these statutory definitions, it is very clear, as it seems

to us, that any matter, which is pleaded as a counter-claim, must either arise out of, or be connected with, the contract or transaction set forth in the complaint as the ground of the plaintiff's claims, or any of them; otherwise the counter-claim must be held bad on demurrer for the want of sufficient facts. Here lie the fatal defects in appellant's counter-claim, in the case under consideration, and it was for these defects therein, we may well suppose, the demurrer to such pleading was correctly sustained. Appellee sued appellant's intestate in this cause, upon an open account for services rendered by him as an attorney at law for the intestate in his lifetime, and at his special instance and request, a bill of particulars whereof was filed with and made a part of his complaint. This bill of particulars covered a period of nearly two years, and contained a number of items of account. Each one of these items constituted, we think, a separate and distinct "cause of action" or "claim," within the meaning of sections 350 and 351, *supra*, in relation to counter-claims, so that there might have been a counter-claim founded upon matter arising out of, or connected with, any one of these several items of account.

In *Second Nat'l Bank, etc.*, v. *Hutton*, 81 Ind. 101, in speaking of a bill of particulars, in a similar case, the court said: "The office of a bill of particulars, in such a case as this, is to make the plaintiff's precise cause of action more certain, definite and specific, than the same has been stated in the common counts. In such a case, without regard to what may have been stated in general terms in the complaint, the plaintiff's evidence and right of recovery are limited, under the law, strictly and precisely, to the exact claim or cause of action shown or set forth in the bill of particulars."

So, we think, in the case at bar the appellant's counter-claim must be limited, under the statute, to matter arising out of, or connected with, one or more of the several items of account set forth in the bill of particulars filed with, and

made part of, appellee's complaint herein. Appellant's counter-claim sets up a claim for damages, which does not arise out of, and is in no way connected with, any item of account specified in appellee's bill of particulars; but such claim is confessedly founded upon a transaction, which is not set forth, nor even alluded to, in appellee's complaint or in his bill of particulars. Standley v. Northwestern Mut. Life Ins. Co., 95 Ind. 254.

The court did not err, we think, in sustaining the demurrer to this counter-claim.

The judgment is affirmed, with costs.

