Filed June 25, 1891.

---

No. 83.

## GRAY v. TAYLOR ET AL.

SPECIAL FINDING.—*Material Facts.—Silence as to.—Presumption Arising.*— Where a special finding is silent as to a material fact it will be presumed as against the party having the burden, where the evidence is not in the record, that such fact was not proven.

SAME.—*Conclusions of Law.—Exception to —Effect of Motion for New Trial.*— An exception to the conclusions of law concedes, for the purposes of the exception, that the facts are correctly found. The taking of an exception, however, does not preclude the filing of a motion for a new trial

SAME.—*When Motion for New Trial Proper.*—Where pertinent and material facts are proven, but the court does not find upon them, and thereby impliedly finds that they are not proven, the finding in such respect is contrary to law, as well as contrary to the evidence, and good cause arises therefrom for a new trial.

BILL OF EXCEPTIONS.—*Evidence.— When Properly in Record.—Certificate of Judge.— What it Imports.*—No matter by whom evidence is taken down, it must be regarded as in the record, if fully and accurately embodied in the bill of exceptions, duly signed by the judge and properly filed. It is the certificate, or signature, of the judge that gives verity to the matters contained in a bill of exceptions, and it is upon him, and him alone, that the Appellate Court must rely for the assurance that the bill of exceptions contains all the evidence given at the trial. A bill of exceptions, when properly signed and in the record, imports absolute verity, and is conclusively binding upon the Appellate Court.

PLEADING.— *Value of Work.—Action to Recover.— General Denial.— What May be Proved Under.*—In an action for the recovery of the value of certain work alleged to have been performed by the plaintiff for the defendant, the latter may prove under the general denial that the work was not done for him, but for others.

From the Jay Circuit Court.

*E. E. McGriff*, *I. P. Gray* and *P. Gray*, for appellant.

*D. T. Taylor*, *J. M. Smith* and *W. H. Williamson*, for appellees.

NEW, C. J.—This was an action in the circuit court upon an itemized account for job printing and advertising alleged to have been done by the appellant for the appellees.

The cause was put at issue by a joint answer of general denial and plea of payment, and reply in general denial of the plea of payment.

There was a trial by the court, with special finding of facts and statement of conclusions of law at the request of the appellant. To the conclusions of law the appellant excepted. Over a motion for a new trial by the appellant and exception, judgment was rendered against the appellees for $35.81 and costs.

The appellant assigns for error that the court erred in its conclusions of law on the finding of facts, and in overruling the motion for a new trial.

The grounds assigned for a new trial are numerous, but we will notice only those discussed by counsel.

It is not claimed by the appellant that the facts found by the court are not supported by sufficient evidence, nor that the conclusions of law stated are not correct as limited to or resulting from the particular facts found. But it is claimed by him that facts pertinent to the issues were proven which the court made no finding upon.

In answer to this we are reminded by counsel for the appellees of the rule that where a special finding is silent as to a material fact, it will be presumed, as against the party having the burden, that such fact was not proven.

This is true where the evidence is not in the record, and it is true even where the evidence is in the record, in the absence of a motion for a new trial.

It is also true that an exception to the conclusions of law

concedes, for the purposes of the exception, that the facts are correctly found, just as one who demurs to a pleading, admits the truth of the facts stated, for the purposes of the demurrer, but no further.

An exception to the conclusions of law, however, does not cut off a motion for a new trial. The party excepting does not thereby waive his right to contest the correctness of the finding of facts, by a motion for a a new trial, on the ground, either that the finding is not supported by sufficient evidence, or is contrary to law.

Where pertinent and material facts are proven, but the court does not find upon them, and thereby impliedly finds that they are not proven, the finding in such respect is contrary to law, as well as contrary to the evidence, and good cause arises therefrom for a new trial. *Ex parte Walls,* 73 Ind. 95; *Robinson* v. *Snyder,* 74 Ind. 110; *Bertelson* v. *Bower,* 81 Ind. 512; *Spraker* v. *Armstrong,* 79 Ind. 577.

Counsel for the appellees insist that the motion for a new trial saves nothing, for the reason that the evidence is not in the record. They say that there is an attempt to bring in the original long-hand manuscript of the evidence as made out by the official short-hand reporter, but that there is no certificate showing that said long-hand manuscript was ever filed in the office of the clerk of the circuit court. The point is also made that the clerk's certificate does not show that the evidence set out in the bill of exceptions is the original long-hand notes or manuscript of the reporter.

The clerk's certificate, omitting the caption and formal conclusion, is as follows :

" I, William S. Fleming, clerk of the Jay Circuit Court, in said State, do hereby certify that the above and foregoing transcript contains complete and correct copies of all the papers and entries, including the long-hand manuscript of the evidence in said cause."

We think it fairly inferable from the clerk's certificate and other parts of the record, that the original long-hand man-

uscript of the evidence as made by the reporter was filed with the clerk, and if the evidence, as incorporated in the bill of exceptions, can not, from the clerk's certificate, be treated as the original long-hand manuscript thereof, it must be treated as a copy of said transcript. If it be the original, or only a copy, the law is complied with.

The bill of exceptions, as we find it in the record, is in all respects upon its face formal and complete.

It is the certificate or signature of the judge which gives verity to the matters contained in a bill of exceptions, and it is upon him, and him alone, that this court must rely for the assurance that the bill of exceptions contains all the evidence given at the trial. *Lyon* v. *Davis*, 111 Ind. 384. *McCormick, etc., Co.* v. *Gray*, 114 Ind. 340.

A bill of exceptions, when properly signed and in the record, imports absolute verity, and is conclusively binding upon this court. *Ryan* v. *Burkam*, 42 Ind. 507; *Jelley* v. *Roberts*, 50 Ind. 1; *Longworth* v. *Higham*, 89 Ind. 352.

No matter by whom evidence is taken down, it must be regarded as in the record if fully and accurately embodied in the bill of exceptions, duly signed by the judge and properly filed. *Bradway* v. *Waddell*, 95 Ind. 170.

In our opinion we would not be justified in holding that the evidence is not in the record.

It is shown by the evidence that the appellant, at the instance and request of the appellees, performed work and labor, which is embraced in the bill of particulars filed with the complaint, which has not been paid for, and as to which the court made no finding, as follows:

Brief in case of Bishop *v.* Moorman . . . . . . . . . . $11
Brief in case of Bishop *v.* Moorman . . . . . . . . . . 18
Brief in case of Mason *v.* Mason . . . . . . . . . . . 6
Brief in case of Faulkner *v.* Brigal . . . . . . . . . . 27
Brief in case of Petry *v.* Ambrosher . . . . . . . . . 9
Brief in case of Petry *v.* Ambrosher . . . . . . . . . 13
Brief in case of Jaqua *v.* Cordsman-Eagan Co . . . . 9

We learn from the evidence, as also from briefs of counsel, that the appellees claimed in the court below that they were not liable for the printing of the briefs we have named; that the appellant should have charged that work to the clients of the appellees in those cases. However this may be, it was the duty of the court to embrace in its finding the material facts proven as to these items, as well as the facts relating to other items contained in the bill of particulars. Exceptions then to the conclusions of law would present the question as to what items the appellant was entitled to recover, if upon any.

Inasmuch as there must be a further finding of facts, with statement of conclusions of law thereon, we do not think this the appropriate time to enter upon a consideration of the extent to which attorneys may bind their clients, if at all, in matters of this kind. That question, if it should arise again, can be better passed upon in the light of the facts as then found.

It is urged by counsel for the appellant that certain questions and answers permitted by the court were improper because the purpose of the appellees thereby was to show that they did not order certain work done for themselves, but for their clients; that this evidence was not admissible under the general·denial.

We do not concur in that view. The appellant's complaint stated a cause of action against the appellees, and in support of it evidence was introduced which tended to show that all of the work sued for was for the appellees. The appellees were attempting to show that as to some of the items there never was a cause of action against them. They were not admitting that at some time they had been liable as to those items, but that afterwards something had occurred because of which they were no longer bound. As to those particular charges they were denying any liability at all at any time. Therefore, we think the evidence objected to was admissible under the general denial. It tended "to negative

what the party making the allegation is bound to prove."
Section 377, R. S. 1881.

In the case of *Ohio, etc., R. W. Co.* v. *Nickless,* 73 Ind.
382, it was said : "The law does not require a party de-
claring upon a contract resting in parol, made for him by
an agent, to aver that it was made by an agent, but he may
aver generally that it was made by him, and prove the aver-
ment by showing that he made it through an agent." And
so we think the. appellees may, under the general denial,
prove that the work was not done for them, but for others.

What we have thus said will not be treated as lending any
support or having any necessary relation to the theory of the
appellees respecting the power of attorneys to bind their
clients. We simply hold that the evidence was competent
under the issue formed by the denial of the allegations con-
tained in the complaint.

The court erred in overruling the motion for a new trial.

The judgment is reversed, with costs, with directions for
further proceedings in accordance with this opinion.

Filed June 24, 1891.