## LUPTON ET AL. v. TAYLOR.

[No. 5,813. Filed October 10, 1906. Rehearing denied and mandate modified December 31, 1906. Motion to modify mandate overruled January 30, 1907.]

1. SET-OFF.—*Sufficiency.—Pleading.*—A set-off, to be sufficient as against a demurrer, must state a cause of action on behalf of defendant as against the plaintiff. p. 415.

2. CONTRACTS.—*Attorney and Client.—Partnership.—Executors and Administrators.—Decedents' Estates.*—A contract by a partnership firm of attorneys to advise and assist executors to settle an estate expires at the final settlement of such estate, binds each member of such partnership for moneys collected by other members of such firm, and entitles such partners jointly to the compensation therefor. p. 416.

3. DECEDENTS' ESTATES.—*Executors and Administrators.—Money Collected by Attorneys.—Accounting.—Subrogation.*—Executors are officially liable for money due their estate, collected by their attorneys and appropriated, and their payment thereof subrogates them to the rights of such estate. p. 416.

4. CONTRACTS. — *Consideration.* — *Attorneys' Fees.* — *Executors and Administrators.*—A contract by executors to pay their attorneys more than is actually due for such attorneys' services, is, as to such excess, without consideration. p. 416.

5. SET-OFF.—*Mutuality.*—*Attorney and Client.*—*Partnership.*— *Parties.*—Where one attorney brings an action to recover fees due to his former firm, defendants may set off any demand due to them from such firm. ' p. 416.

6. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 418.

7. ATTORNEY AND CLIENT.—*Fees.*—*Set-Off.*—*Partnership Liability.*—*New Trial.*—Where judgment was rendered in favor of an attorney, whose former partnership firm had collected and not accounted for a certain judgment, excluding such sum, such judgment is contrary to the law, as well as the evidence, and is cause for a new trial. p. 419.

8. PARTNERSHIP.—*Members.*—*Contracts.*—*Attorney and Client.* —Employment of a member of a firm of attorneys is an employment of the entire firm; and the collection of money, or deceit practiced, by one of such firm, binds all. p. 419.

9. DEMAND.—*Partnership.*—*Attorney and Client.*—A demand made upon one member of a firm of attorneys is a demand upon all. p. 419.

10. APPEAL. — *Set-Off.* — *Mandate.* — *Modification.* — Where a just, definite set-off is excluded from the amount of the plaintiff's judgment, the Appellate Court may modify its mandate ordering a new trial, and may order final judgment, upon the filing of a remittitur by plaintiff for such amount. p. 420.

From Jay Circuit Court; *John F. La Follette,* Judge.

Action by David T. Taylor against Ambrose G. Lupton and another. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Smith & Moran,* for appellants.

*David T. Taylor, in pro. per., Frank M. Hughson* and *R. H. Hartford,* for appellee.

MYERS, J.—In the court below a judgment for $564.10 was rendered against appellants and in favor of appellee on account of attorneys' fees for services rendered appellants, as executors, in the settlement of a certain estate. The averments of the complaint show that appellants em-

ployed appellee as attorney to advise and assist them in the settlement of their trust; that in making a final report in settlement of said trust, and at their request, appellee receipted to them, as executors, for $549.50, as and for legal services rendered such executors, under his said employment; that, as executors, appellants took credit in their said report for the amount covered by said receipt; that said report was in all things approved, and said executors finally discharged; that appellee executed said receipt because of a promise by appellants to him made that he should have a check the next day for the sum of money mentioned in said receipt; that appellants, as executors, or otherwise, have failed and refused to pay appellee said sum or send him a check for the same. Appellants answered in five paragraphs: (1) In denial; (2) payment; (3) partial payment; (4) want of consideration; (5) set-off. Appellee's demurrer to, and motion to strike out, the paragraph of set-off were each overruled. By proper pleadings the cause was put at issue, tried by the court, and special finding of facts and conclusions of law submitted. Judgment, motion for a new trial overruled, and this ruling is the only error assigned for a reversal.

The grounds for a new trial are that the findings of the court are not sustained by sufficient evidence and are contrary to law. Also that the assessment of the amount of recovery is erroneous, being too large. Appellee has assigned cross-errors, based upon the rulings of the court in overruling his demurrer, and motion to strike out the answer of set-off. The purpose of the cross-errors, as stated by appellee, is to affirm the judgment, and not to reverse it. He insists that the pleading is bad (1) because it shows a want of mutuality, and (2) because, upon its face, it shows that appellants are not the unconditional owners of the debt pleaded as a set-off. Evidence tending to support the set-off pleaded was introduced over appellee's objection. It is the theory of appellee that if the aver-

ments of the answer of set-off were not sufficient to withstand a demurrer, or if technically sufficient for that purpose, but was still an improper pleading which should have been stricken out, then the evidence admitted in its support, over his objection, was erroneously admitted, and, a right conclusion being reached, the error assigned by appellants would therefore be unavailing. *Clark* v. *Schromeyer* (1899), 23 Ind. App. 565.

It has been judicially determined that a defendant pleading a set-off must exhibit facts showing a cause of action in his favor against the plaintiff, or it will

1. not be sufficient to withstand a demurrer for want of facts, for the reason that such pleading, properly speaking, is a cross-action, and must stand alone. *Boil* v. *Simms* (1877), 60 Ind. 162; *Wills* v. *Browning* (1884), 96 Ind. 149; *Johnson* v. *Tyler* (1891), 1 Ind. App. 387; *Davis, etc., Mfg. Co.* v. *Booth* (1894), 10 Ind. App. 364. Meeting the objections urged by appellee, the set-off pleaded, in short, discloses the following facts: In June, 1899, appellants qualified as executors of a certain estate, and as such executors employed a firm of attorneys, of which firm appellee was a member, to advise and assist them in the settlement of said estate. Said attorneys accepted said employment and assisted appellants in the management of their said trust, and in the collection of claims due said trust, and while so acting, and on behalf of said estate, and before the final settlement thereof, and during the existence of said firm, now dissolved, one of its members collected, on account of a certain judgment in favor of said estate, $175.01, and took credit for the same on their fees. Appellants accounted to said estate for said sum of money, although no part of the same has ever been paid to them, either as executors or otherwise. In the adjustment and settlement of the fees of said firm, appellee, upon demand, refused to allow or account for the money so collected and retained as aforesaid. Appellants also

claimed an additional credit of $50, money paid to appellee on October 28, 1899, and for which no credit is given. Said sums of money are due and unpaid.

Under the facts pleaded in the answer of set-off, the contract of employment was that of the firm of which appellee was a member, and ended with the settlement of the estate. *Ganzer* v. *Shiffbauer* (1894), 40 Neb. 633, 638, 59 N. W. 98. The responsibility to account for the money collected by one member of the firm rested alike on each individual member thereof. Weeks, Attorneys at Law, §244; *Cook & Lamkin* v. *Bloodgood* (1845), 7 Ala. 683. No accounting has been made, and appellee is prosecuting an action individually to collect a fee, which, under the averments of the answer, belongs to his law firm. Appellants, as executors, under the facts in the answer, were bound to account for this money. This they did, and the payment thereof subrogated them as individuals to all rights theretofore existing in favor of the trust estate. *Davis* v. *Schlemmer* (1898), 150 Ind. 472, and authorities cited. At the time of the execution of the receipt mentioned in the complaint, appellants were acting in a fiduciary capacity, and had no power or authority to deplete the trust funds in their hands by paying more than was actually due appellee. Assuming that they did promise to pay appellee $549.50, yet, if, upon balancing the account, this amount was found to be in excess of the correct amount due, there would be no consideration for the promise as to such excess, and in that regard the promise would be unenforceable.

If this were an action in the first instance by appellants for the recovery of the money mentioned in the pleading of set-off, it is clear the constituent members of the law firm would be necessary parties; but in the form here presented they are not. No one would question the right of the proposed set-off were this an action

by the firm, and yet the effect of appellee's demand is precisely the same as it would be in an action instituted by all the members of the firm as plaintiffs. This being true, appellee should be regarded as the firm for the purposes of this suit. In our opinion the pleading contains facts sufficient to overcome the specific objections urged against it by appellee; or, in other words, mutuality and appellants' ownership of the claim sought to be set off against the amount found due appellee sufficiently appears. See *Porter* v. *Roseman* (1905), 165 Ind. 255; *Frankel* v. *Michigan, etc., Ins. Co.* (1902), 158 Ind. 304.

We will now consider the reasons urged by appellants for a reversal of the judgment. Practically the special findings are as follows: Appellants being the duly appointed and qualified executors of the estate of Adelma Lupton, deceased, shortly after June 9, 1899, employed appellee, a lawyer, to assist them in the settlement of said estate. Appellee accepted said employment, and thereafter assisted said executors in the settlement of their trust until December 27, 1904, when their trust was finally settled and appellants discharged. "In the final settlement of said estate, it was agreed by and between said defendants and said plaintiff that there was owing to the plaintiff for his legal services in assisting them in the settlement of said estate the sum of $549.50, for which sum the defendant Ambrose G. Lupton wrote out a receipt and requested the plaintiff to execute the same, which request the plaintiff complied with by signing his name thereto, and delivering the same to the defendants, upon a promise on their part that the defendant John S. Emmons would send him their check the next day for the amount, which check was never sent. Upon the execution of said receipt said appellants filed the same with their final report and took credit for the amount thereof as money paid to appellee for his fees, and which was allowed as a part of their final report. There is noth-

ing due to the appellants by the plaintiff in the set-off pleaded by them." Appellants never paid appellee anything for the execution of said receipt, nor for his legal services. There is now due and owing to appellee from appellants the sum of $564.10. Upon the above facts the court stated the following conclusion of law: "The plaintiff is entitled to judgment against defendants for $564.10, with relief."

The law is well settled in this State that appellate tribunals will not interfere with special findings of fact where to do so will require weighing the evidence, but will interfere only in case there is no evidence to support a finding. The uncontradicted evidence in the case at bar shows that at the time of appellee's employment by appellants, as executors of the Lupton estate, he was the senior member of the law firm of Taylor, Mac-Ginnitie & Taylor, engaged in the practice of law at Portland, Indiana; that said firm continued in business until its dissolution, April 13, 1904; that MacGinnitie, as a member of said firm, assisted appellants in the settlement of their trust, and in December, 1899, and January, 1900, collected, as evidenced by the firm's receipt of record, on account of a certain judgment in favor of said estate, sums of money aggregating $175.01, which have never been accounted for by said firm or by any member thereof, although about the time of making their report appellants demanded that appellee allow the same as a credit on the attorneys' fees, which was refused; that appellants, as executors, accounted to their trust for said sum of $175.01; that the basis of settlement of attorneys' fees was $1,500; that the payment of $549.50 on account of attorneys' fees, in addition to the sums on that account theretofore paid and admitted, amount to exactly $1,500.

This evidence clearly shows that appellee's law firm received $175.01, and still retains the same, refusing to

account therefor, and for which sum appellants, as executors or otherwise, have received no credit. In our opinion the finding "that there is nothing due to the defendants by the plaintiff in the set-off pleaded by them," whether considered as a finding of fact or a conclusion of law, will not warrant an affirmance of this judgment, for the reason that as a finding of fact there is no evidence to support it, and, if a conclusion of law, it cannot be considered to aid the finding of facts. *Braden* v. *Lemmon* (1891), 127 Ind. 9; *City of Indianapolis* v. *Kingsbury* (1885), 101 Ind. 200, 222, 51 Am. Rep. 749. If the so-called finding be treated as a conclusion of law, then there is no finding on the issue tendered by the pleading of set-off. This court, in the case of *Gray* v. *Taylor* (1891), 2 Ind. App. 155, ruled that "where pertinent and material facts are proved, but the court does not find upon them, and thereby impliedly finds that they are not proved, the finding in such respect is contrary to law, as well as contrary to the evidence, and good cause arises therefrom for a new trial."

Facts proved, pertinent to the issue of set-off, have been heretofore exhibited in this opinion. Therefore, as bearing upon the effect of some of these facts, it has been held that the employment of one member of a law firm is that of the entire firm. *Ganzer* v. *Shiffbauer, supra; Livingston* v. *Cox* (1847), 6 Pa. St. 360. "A fraudulent act by one partner, or deceit practiced by him, done within the scope of his general partnership authority, will make the other partners liable." *Durant* v. *Rogers* (1877), 87 Ill. 508, 511. MacGinnitie's receipt on the docket for the money in question is *prima facie* sufficient to bind the firm, "and the partner who had no agency in giving the receipt cannot gainsay its truth." *Cook & Lamkin* v. *Bloodgood, supra; Dwight* v. *Simon* (1849), 4 La. Ann. 490, 495.

A demand on one partner of a law firm is constructively a demand on the other members. Weeks, Attorneys at Law, §244.

After a careful examination of the record in this case, we are of the opinion that the judgment herein should be reversed.

Judgment reversed, with directions to the circuit court to sustain appellants' motion for a new trial.

## ON PETITION FOR REHEARING.

PER CURIAM—Upon a reëxamination of the record in this case, upon petition for a rehearing, we conclude that justice will be best subserved by modifying the mandate herein. Therefore it is ordered that if appellee will enter a remittitur of $175.01 within thirty days the judgment of the trial court will be affirmed; otherwise the judgment is reversed, with instructions to grant a new trial.

Petition for rehearing overruled.