# RUTH v. RUTH.

[No. 6,149.    Filed December 21, 1906.]

1. ABATEMENT.—*Plea.—Burden of Proof.*—The burden of proving a plea in abatement is on the defendant, such a plea being regarded unfavorably by the courts.  p. 293.

2. NOTICE. — *Divorce.—Nonresident.—Publication.—Newspapers. —"General Circulation."*—A nonresident notice published in a county newspaper, printed in an unincorporated village of 500 or 600 inhabitants, and having a circulation of over 500 copies, over half of which is in two townships, and the remainder in the other townships and in several outside states, and containing local and general news, is sufficient under §1048 Burns 1901, §1036 R. S. 1881, such newspaper being of "general circulation" within the meaning of such statute.  p. 293.

3. WORDS AND PHRASES.—*"Newspaper."*—A "newspaper" is a publication containing among other things the current news and issued at regular stated intervals.  p. 293.

4. NEWSPAPERS.—*Local.—Circulation.*—County newspapers are necessarily devoted to local interests and their circulation though general for such a paper is restricted in comparison with metropolitan dailies.  p. 293.

5. NOTICE.—*Obscure Newspaper.—Intention.*—Notices of sale and the like, published in an obscure newspaper not circulated in the interested locality, and with the intention to avoid notice to those interested, are voidable, though the letter of the statute has been observed.  p. 294.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Ruth *v.* Ruth—39 Ind. App. 290.

Suit by Eliza A. Ruth against William H. Ruth. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Eller E. Pryor,* Prosecuting Attorney, and *George W. Grubbs,* for appellant.

*John E. Sedgwick,* for appellee.

COMSTOCK, J.—Appellee brought this suit against appellant for divorce. Publication of nonresidence notice was ordered and had in the "Morgantown Truth," a paper printed and published in the unincorporated town of Morgantown, Morgan county, Indiana. The defendant did not appear. The State of Indiana appeared by the prosecuting attorney. · A plea in abatement was filed by the State challenging the jurisdiction of the court over the defendant, for the reason that publication and notice to the defendant of the pendency of the action was not made and given in a weekly newspaper of general circulation in Morgan county, as provided by law. An answer in denial was filed. Trial was had on the issue thus formed, and there was a finding for the appellee. Evidence was heard in the divorce proceeding, and a divorce was granted to appellee. A motion for a new trial was overruled. There was a final decree for a divorce, and an appeal granted.

The complaint was in the ordinary form, alleging failure to provide for a period of two years or more. The plea in abatement is substantially as follows: Eller E. Pryor, prosecuting attorney, enters a special appearance in said cause, and, on behalf of the State of Indiana, for the benefit of defendant in said action, and by way of plea in abatement herein, says, that he is informed and believes the defendant is a nonresident of the State of Indiana; that there has been no service of process on defendant in said cause, other than a pretended service and publication in a weekly newspaper, printed and published in Morgantown, Morgan county, Indiana, called the Morgantown Truth, and that said pretended service by publication· in said paper is invalid and of no effect as service by publica-

tion in said cause, for the reason that said Morgantown Truth is not a newspaper of general circulation in .said Morgan county, and that there are weekly newspapers of general circulation printed and published in said county wherein said publication could have been made. The only error assigned is the overruling of appellant's motion for a new trial.

E. M. Wood testified substantially as follows: "I live at Morgantown. Publish Morgantown Truth. Keep list of subscribers. Numbers of copies distributed in May, 1905, something like five hundred and twenty, two-thirds of them in Morgan county. Circulates in six or seven townships. One-half of circulation is in Jackson and Green townships. Paper devoted to local news, correspondence, and general news. Some lawyers in Martinsville take the paper. Occasionally copies are sent to Morgan county men living in other states. Some papers go out on rural routes. No copy of the Morgantown Truth is sent to or goes through the post-office at the towns of Waverly, Paragon, Monrovia, or Brooklyn . in Morgan county, Indiana." It was agreed in open court, as a part of the evidence, that Morgantown is an unincorporated town with a population of five or six hundred; that Martinsville, the county seat, has a population of about five thousand; that in April or May, 1905, there were printed and published in Martinsville two weekly newspapers of general circulation throughout the county—the Martinsville Republican, with a circulation of 1,800, and the Martinsville Democrat, with a circulation of 1,000 or 1,100; that both of these papers circulated generally throughout Morgan and adjoining counties. J. E. Overton, clerk, instructed Mr. Wood, editor of the Morgantown Truth, through Mr. Sedwick, to forward to Mr. Ruth a copy of the paper.

The only question presented by the appeal is the sufficiency of the evidence to support the finding of the court

Ruth *v.* Ruth—39 Ind. App. 290.

upon the plea in abatement. The burden of that issue is upon the appellant. *Henwood* v. *State, ex rel.* (1895), 11 Ind. App. 636. Pleas in abatement are not regarded favorably by courts. *Rush* v. *Foss Mfg. Co.* (1898), 20 Ind. App. 515.

In determining the sufficiency of the evidence we have but to determine whether under §1048 Burns 1901, §1036 R. S. 1881, the Morgantown Truth was a weekly newspaper of general circulation.

A newspaper, in the popular acceptation of the word, is a publication issued at regular, stated intervals, containing, among other things, the current news. 21 Am. and Eng. Ency. Law (2d ed.), 533. E. M. Woods testified that he had published the paper in question for the ten years last past, and that it was devoted to local news of the county, correspondence, and general news. A copy was introduced in evidence and made a part of the record. It is attractive in its makeup, is a four-page, six-column paper, containing local and general news and correspondence, and manifestly intended for general circulation. It has a circulation in Morgan, Brown, Johnson, and Adams counties, and in a majority of the states of the Union.

The general circulation of a newspaper is necessarily comparative, but no fixed number of subscribers is required to constitute general circulation. A newspaper's circulation does not necessarily mean that it is read by all the people of the county or the township. As a matter of fact, county newspapers are devoted to local interests, and are of limited circulation. *Lynn* v. *Allen* (1896), 145 Ind. 584, 57 Am. St. 223. The Morgantown Truth does legal, professional, and business advertising, and is entered in the United States mails as second-class matter.

There are decisions to the effect that legal notices made by design in an obscure paper, with the intent to avoid actual notice to the party interested, may be held voidable even though the letter of the statute has been observed. This is particularly true of notices of the sale of land in newspapers not published in the vicinity of the lands. Such cases are not applicable to the case at bar. There is sufficient evidence to support the finding.

Judgment affirmed.