## State, ex rel. Carter, v. Spencer et al.

[No. 6,576.    Filed December 18, 1908.]

1. Pleading.—*Counterclaim.*—*Nature of.*—A counterclaim, to be sufficient on demurrer, must arise out of the subject-matter upon which the complaint is based, but it will be sufficient if there is a legal connection between the facts set forth in the complaint and the counterclaim. p. 652.

2. Same. — *Counterclaim.*—*Attorneys' Liens.*—*Answer.*—*Waiver.*— A counterclaim, in an action to recover a fund in the hands of attorneys, alleging that such attorneys by their services created the fund in question and that the sum sought to be recovered is but a fair compensation for their services, cannot be held bad on the ground that such facts properly constituted an answer, where such facts had been set up in an answer and the plaintiff had successfully demurred thereto. p. 652.

3. Appeal.—*Harmless Error.*—*Reversal.*—A reversal will not be ordered because of a harmless error. p. 652.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Action by the State of Indiana, on the relation of Frances Carter, against John W. Spencer and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*William Reister,* for appellant.

*Foster & Wheeler* and *Wittenbraker & Luhring,* for appellees. .

Roby, J.—Appellee John W. Spencer was appointed by the Vanderburgh Circuit Court as a commissioner to sell real estate in a partition proceeding in which the relatrix was a party. The distributive share of relatrix amounted to $1,454.03. The real estate sold was recovered for Frances Carter, and a fund created for her by the law firm of Menzies, Spencer & Brill (of which John W. Spencer was a member)· as the result of extensive litigation which they conducted in the circuit court of the county and in this court (*Phillips* v. *Heldt* [1904], 33 Ind. App. 388), and they held

an equitable lien for $510.16 upon the fund in the hands of the commissioner for their services. John W. Spencer, as commissioner, allowed and paid the firm of Menzies, Spencer & Brill the sum named in discharge of their lien, such amount being equal to thirty per cent of the gross amount recovered by said attorneys, and which per cent had previously been determined by relatrix and the law firm.

This is an action on the bond of John W. Spencer, as commissioner, with the Federal Union Surety Company as surety, to recover the amount so paid out. The defendants filed separate answers at different times, designated as paragraphs one, two and three. The third paragraph set up the history of the transaction with particularity, and was intended to constitute a special plea of payment. To these paragraphs of answer the plaintiff demurred, and the court sustained the demurrer. Upon application John R. Brill and Gustavus V. Menzies became parties defendant, and, with Spencer and the surety company, filed a counterclaim against the relatrix, in which they allege their employment and services in the case (which was the contest of a will), the order of sale of the property, the appointment of Spencer as commissioner, and the filing of an attorney's lien for a reasonable fee upon the fund which they created. Judgment is prayed in the cross-complaint for $510.16, and an order asked directing the commissioner to pay the defendants. A demurrer to the cross-complaint was overruled, and the cause was tried by the court. The court found the facts substantially as stated, upon which it considered and adjudged that the relatrix take nothing on the complaint, and that the money due cross-complainants having already been paid that they take nothing on their cross-complaint.

The only alleged error relied upon for reversal by appellant is the overruling of the demurrer to the counterclaim. The appellees assign cross-error in the sustaining of demurrers to their third paragraph of answer.

A counterclaim which does not arise out of, or is not con-

nected with, the subject-matter upon which the complaint is based is bad on demurrer for want of facts, although the facts set forth might have been a good defense if pleaded by way of answer. *Stoner* v. *Swift* (1905), 164 Ind. 652, 654; *Miller* v. *Roberts* (1886), 106 Ind. 63. It is sufficient, however, that there is a legal connection between the counterclaim and the transaction out of which the original action arose. *Standley* v. *Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254; *Excelsior Clay Works* v. *DeCamp* (1907), 40 Ind. App. 26. Whether the facts stated in appellees' counterclaim were matters to have been pleaded in an answer (*Lupton* v. *Taylor* [1907], 39 Ind. App. 412), need not be determined. Such facts were answered, and a demurrer to the answer sustained. Having secured an order of the trial court sustaining a demurrer to the facts pleaded as an answer, the appellant cannot now urge that they should have been pleaded as an answer instead of a counterclaim. *McMahon* v. *McMahon* (1895), 142 Ind. 110; *Carter* v. *Carter* (1905), 35 Ind. App. 73, 77. The decision of the trial court was in favor of the appellant upon the counterclaim. Appellant's assignment is therefore based upon what was at most a harmless error (*Tucker* v. *Roach* [1894], 139 Ind. 275; *Guthrie* v. *Carpenter* [1904], 162 Ind. 417), and a reversal is therefore not allowable.

Consideration of the cross-errors assigned by appellees is expressly waived.

Judgment affirmed.