## CASADY v. LACY.

[No. 14,297.   Filed February 23, 1933.   Rehearing denied May 19, 1933.]

Thomas A. Daily, Wilson S. Daily, and Roy W. Adney, for appellant.

Merle N. A. Walker, Owen S. Boling and Rogers & Smith, for appellee.

BRIDWELL, J.—Appellant brought this action against appellee, the complaint alleging in substance that on or about the — day of November, 1924, the parties hereto, and two other persons, were the owners of all of the issued capital stock of Ragland's Incorporated, a corporation organized under the laws of this state, and engaged in the wholesale millinery business in the city of 'Indianapolis, Indiana; that appellant owned 35 shares of said stock, Edward M. Ragland 60 shares, James E. Miller 60 shares and appellee 60 shares; that

said corporation was losing money and threatened with insolvency, which facts were known to each and all of the stockholders; that at a meeting of the stockholders held at said time in the office of the corporation, ways and means to wind up and close out said business were under consideration, and the other stockholders offered to sell, assign and transfer all their shares of stock in said corporation to appellant for the sum of $4,000; that it was then and there agreed between appellant and appellee that appellant should purchase said stock for the joint benefit of appellant (plaintiff) and appellee (defendant), cause the same to be assigned to appellant in blank, and execute in payment therefor three notes of Ragland's Incorporated, endorsed by appellant, each in the sum of $1,333.33, due three years after date, one of said notes to be payable to Edward M. Ragland, one to James E. Miller and the other to appellee, and that appellee would cancel and return to appellant the note payable to him and that the shares of stock assigned by appellee to appellant would be returned to appellee, that appellant should pay to Ragland's Incorporated $2,500 in cash for an additional 25 shares of its capital stock and that thenceforward the stock and said business should be owned equally by appellant and appellee and the business be managed by appellant; that it was further agreed that said notes to Ragland and Miller should be paid out of·the funds of Ragland's Incorporated and that appellee's ownership in said business should not be disclosed; that appellant complied with the agreement made, executed the notes in payment for said stock, and received from the other three stockholders the shares of stock to be assigned to him; that in the management of the business thereafter it became necessary to borrow money and appellant, with the consent and approval of appellee, borrowed $2,500 at one time, and $5,000 at another time, and

executed notes of Ragland's Incorporated, endorsed by him, for said amounts; that the business was operated at a loss until April, 1925, when a receiver was appointed, and the business sold and closed out at a receiver's sale; that after the distribution of the assets of Ragland's Incorporated by the receiver, there remained a balance due on said two notes of $2,136.17 which appellant was compelled to and did pay; that appellee in compliance with the agreement made, cancelled and surrendered to appellant the note executed to appellee by Ragland's Incorporated, and appellant tendered to appellee the 60 shares of stock assigned by appellee to appellant, which stock appellee refused to accept, and denied said agreement; that appellant, before bringing this action, demanded of appellee contribution for one half of the sum paid by appellant pursuant to their agreement, and payment was refused, and the agreement to operate the business for their joint benefit was repudiated by appellee. To this complaint the appellee filed an answer of general denial.

The case was submitted to the court for trial, and upon proper request a special finding of facts was made and conclusions of law stated thereon. The conclusions of law were as follows: "That the plaintiff is not entitled to recover upon his complaint, and that the defendant is in no way indebted to the plaintiff by reason of or on account of any matters set forth in plaintiff's complaint, and that the defendant is entitled to have a judgment against the plaintiff for costs." Appellant excepted to the conclusions of law, and each of them. Motion for a new trial was filed by appellant and overruled by the court with an exception to appellant. Judgment was rendered in favor of appellee and this appeal followed, the appellant assigning as error, that the court erred in overruling his motion for a new trial,

and that the court erred in each of its conclusions of law.

Appellant's motion for a new trial advances six causes therefor, among which are that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law. Only these two are discussed under Points and Authorities and the others will be considered as waived.

It is claimed by appellant that facts pertinent to the issues were proven which the court made no finding upon; that "there was clear and convincing evidence of a 'joint adventure' and the court failed and refused to make a finding on that issue."

It is true, as contended by appellant, that where pertinent and material facts are proven, but the court does not find upon them, and thereby impliedly finds that they are not proven, the finding in such respect is contrary to law, and good cause arises therefrom for a new trial. *Lupton* v. *Taylor* (1906), 39 Ind. App. 412, 78 N. E. 689, 79 N. E. 523; *Gray* v. *Taylor* (1891), 2 Ind. App. 155, 28 N. E. 220; *Nading* v. *Elliott, Trustee* (1893), 137 Ind. 261, 36 N. E. 695; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829.

We have read and considered the evidence. It is sharply conflicting insofar as it relates to the matter of the making of the agreement alleged in the complaint. This court will not weigh the evidence.

No good purpose would be served by setting out herein the special finding of facts in its entirety. The court did find the following material and controlling facts: That Ragland's Incorporated was operating at a loss and that appellant, appellee, James Miller and Edward Ragland met in conference on or about Decem-

ber 3rd, 1924, and that appellant, Horace G. Casady, agreed to purchase all the stock of the other three persons interested, for the sum of $4,000 to be divided in three equal parts of $1,333.33, to be paid to Howard Lacy (appellee), James Miller and Edward Ragland; that Casady executed and delivered notes evidencing the amount to be paid, and that Lacy, Miller and Ragland assigned in blank and delivered to Casady all the stock in said corporation owned by them; that at the time of the execution of the note to Lacy and the transfer of stock from Lacy to Casady or just prior thereto Lacy agreed with Casady "that if he were successful in the conduct of continuing the business of Ragland's Inc., he would expect the note to be paid, but if he were unsuccessful and did not make any money out of the operation of Ragland's Inc., he, Howard Lacy, would return to the said Casady, such note. That no other agreement at that time or at any other time, with reference to the business of Ragland's Inc., or with reference to the relation of Horace G. Casady or Howard Lacy, in connection with the business of Ragland's Inc. was ever entered into by and between the parties to this action. That Howard J. Lacy did not, at any time, agree orally or in writing to pay any of the debts of Ragland's Inc., or any of the obligations or debts of Ragland's Inc., or any of Horace G. Casady or any of the notes of Horace G. Casady, executed for the purchase of any stock in such corporation."

We are of the opinion that the finding by the court that a certain agreement was made between appellant and appellee, during the transaction which resulted in the assignment to appellant of all the issued capital stock of the corporation except that already owned by him, and the further finding that no other agreement at that or any other time was made between the parties concerning the matter, is

equivalant to a finding that the agreement alleged in the complaint was never made.

The evidence is sufficient to sustain the decision of the court and there is no error in the conclusions of law. All necessary facts to determine the rights of the parties under the issue made were found by the court in its special finding of facts, and the decision of the court is not contrary to law because of a failure to find pertinent facts, as is contended.

Finding no reversible error the judgment is affirmed.