Bundy *v.* McClarnon.

No. 13,580.

BUNDY *v.* McCLARNON.

'SPECIAL FINDING.—*Conclusions of Law.—Failure to Except to.—Motion for New Trial.*—An assignment, as one of the grounds for a new trial, that the decision of the court is contrary to law, does not perform the office of an exception to the conclusions of law stated by the court on a special finding of facts, nor does such an assignment remedy the failure to ex- cept to the conclusions of law.

From the Hancock Circuit Court.

*L. H. Reynolds*, for appellant.

MITCHELL, J.—Suit by Bundy against McClarnon for par- tition of real estate of which the former alleged he was owner as tenant in common with the latter.

McClarnon set up by way of cross-complaint, among other things, that he was the owner in fee simple and in possession of the entire tract of land described in the complaint, and that the assertion by Bundy of title to any part thereof was wrongful and a cloud upon the cross-complainant's title, which he prayed might be quieted.

Upon what purports to be a special finding of facts by the court there were conclusions of law stated, followed by a judgment that the plaintiff take nothing by his suit.

The appeal is presented and argued as if there had been a proper finding of facts by the court, and as though there had been an exception to the conclusions of law thereon stated.

Instead of finding the facts, the court has set out some items of evidence which might tend to prove some of the facts in issue, and has stated its conclusions thereon. There is, however, in no proper sense, any finding of facts, nor is there any exception to the conclusions of law thereon stated.

There is a forcible and well sustained discussion of the law upon the facts, as, possibly, they might have been found, but,

in the absence of what can be accepted as' a finding of the facts, and of exceptions to the conclusions of law thereon stated, we can not consider the questions discussed.

An assignment, as one of the grounds for a new trial, that the decision of the court is contrary to law, does not perform the office of an exception to the conclusions of law stated by the court on a special finding of facts, nor does such an assignment remedy the failure to except to the conclusions of law.

The facts in this case are analogous to those involved in *Wright* v. *Kleyla*, 104 Ind. 223, and the judgment of the court below was controlled by the decision in the case cited. Under the ruling in the case cited, there was no error in the ultimate conclusion reached by the court in the present case.

It is true that the quitclaim deed of a married woman, by which she attempts to convey her inchoate right in her husband's real estate, the husband not joining in the deed, is void both in law and in equity. *Kinnaman* v. *Pyle*, 44 Ind. 275; *Mattox* v. *Hightshue*, 39 Ind. 95; *Cook* v. *Walling*, 117 Ind. 9. It is also true that the wife had no right of entry at the time her husband's land was sold as against the purchaser until the death of her husband, and that the statute of limitations does not begin to run against a person out of possession until there is a right of entry. *Devy* v. *Shaffer*, 55 N. Y. 451; *Gernet* v. *Lynn*, 31 Pa. St. 94; *Pinckney* v. *Burrage*, 31 N. J. L. 21; 3 Washb. Real Prop., p. 138; Tiedeman Real Prop., section 715.

However these principles might affect the conclusion reached by the court below, in the confused and uncertain condition in which we find the record, and because, in our opinion, they are not fairly and properly presented, we decline to enter upon an examination of the questions discussed.

The judgment is therefore affirmed, with costs.

Filed March 29, 1889.