## MAJOR ET AL. *v.* MILLER ET AL.

[No. 20,382. Filed October 4, 1905.]

1. PLEADING.—*Complaint. — Indefinite Description. — Initial At-
tack on Appeal.*—Where the description of defendants' premises
is not definitely set out in the complaint, but could have been
made definite by an amendment below, such complaint is good
and its defects will be considered cured by the decision, where
the initial attack on such complaint is made on appeal. p. 276.

2. NUISANCE. — *Slaughter-house.* — A slaughter-house kept in
such manner that it emits noisome and offensive odors which
are carried by the atmosphere to the premises of the neigh-
bors and prevent their enjoyment of life and property is a
nuisance. p. 277.

3. APPEAL AND ERROR.—*New Trial.—Special Findings.—Suf-
ficiency.*—Where the special findings contain enough facts,
found within the issues and upon sufficient evidence, to estab-
lish the complaint, such findings will be sufficient on which to
state conclusions of law for plaintiff, even though other facts,
outside of the issues and unsupported by evidence, are included
therein. p. 278.

4. TRIAL.—*Special Findings.—Numbering.*—The trial court can
not be required to number the special findings in a cause. p. 278.

5. TRIAL. — *Special Findings.* — *Attacking Part.* — *New Trial.* — Where a part only of the special findings are attacked in the motion for a new trial the presumption is that those not attacked are sufficient on which to state the conclusions of law and to support the judgment. p. 279.

6. APPEAL AND ERROR.—*Supreme Court Rules.*—*Briefs.*—Where appellant fails to mention an assignment of error in his brief, no question thereon is presented. p. 279.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Suit by Lizzie L. Miller and others against Ambrose J. Major and others. From a decree for plaintiffs, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Joseph G. Orr* and *E. A. Howard,* for appellants.

*George E. Clarke* and *M. A. Dittenhoefer,* for appellees.

MONTGOMERY, J.—Appellees brought this suit to enjoin appellants from maintaining a nuisance, resulting from the manner in which a slaughter-house was conducted. Appellants answered by general denial, and a trial by the court resulted in a finding and decree for appellees. Appellants' motions for a new trial and in arrest of judgment were overruled, and exceptions properly saved.

The errors assigned are that the complaint does not state facts sufficient to constitute a cause of action; that the court erred in its conclusions of law stated upon the special finding of facts; and that the court erred in overruling the motion for a new trial, and in overruling appellants' motion in arrest of judgment.

The only objection made to the complaint is that it does not describe with sufficient certainty the premises upon which it is charged that the nuisance was created and
1. continued. The property owned and occupied by appellee Lizzie L. Miller is described with particularity, and it is charged that the property of the other appellees lies contiguous thereto, and between said property and the premises of appellants, and all within Penn township in St. Joseph county. No objection was made to the

complaint in the court below, either by motion to make the same more specific, or by demurrer for want of facts. If it were conceded that the description of appellants' property was indefinite, it is apparent that the defect was such that it could and would have been readily removed by amendment. The averments of the complaint were certainly sufficient to advise appellants of the nature and location of the grievances complained of and to bar another action for the same cause; and the objection urged must be regarded as cured by the finding, and the complaint held sufficient as against an attack made for the first time in this court. *Davis* v. *Shuah* (1894), 136 Ind. 237, 241; *Louisville, etc., R. Co.* v. *Goodbar* (1885), 102 Ind. 596; *Stockwell* v. *State, ex rel.* (1885), 101 Ind. 1, 17; *Jackson* v. *Weaver* (1884), 98 Ind. 307; *Jones* v. *White* (1883), 90 Ind. 255; *Evansville, etc., R. Co.* v. *Willis* (1881), 80 Ind. 225; *Beal* v. *State, ex rel.* (1881), 77 Ind. 231; *Indianapolis, etc., R. Co.* v. *McCaffery* (1880), 72 Ind. 294; *Indianapolis, etc., R. Co.* v. *Petty* (1868), 30 Ind. 261.

The conclusions of law provided for a continuation of appellants' business under such restrictions as were designed and reasonably adequate to avoid the offensive odors of which appellees complained. The special finding of facts is neither set out in full nor in substance in appellants' brief, and we would be justified in disregarding the second assignment of error. We have, however, referred to the record and examined the findings of the court, from which it appears that appellants so kept and conducted their said slaughter-house as to create and maintain a nuisance; that, on account of the manner in which appellants conducted their said business, noisome and offensive smells were created, which, carried by the atmosphere, permeated the houses of appellees with such frequency and offensiveness as to prevent the enjoyment of life and property. These facts, together with others found, were clearly sufficient to sustain the conclusions of law.

Appellants' motion for a new trial is as follows: "(1) The special findings numbered 1, 2, 16, 18, 19, 20, 21, 22, 24, 25, 44, 45, 46 and 48 are not sustained by sufficient evidence. (2) The special findings of the court numbered 1, 2, 18, 19, 22, 25, 45, 47 and 48 are without the issues. (3) The special findings of the court numbered 16, 37, 38 and 40 are contrary to law. (4) The court erred in not finding that the ditch mentioned in finding numbered twenty-one was a public ditch; that said ditch was outside of and off defendants' property; that it was the duty of the trustee of Penn township to keep said ditch clean and in good repair; that said trustee had neglected his said duty for a year and more before the filing of this suit; that after the filing of this suit, and before the trial thereof, said trustee had cleaned said ditch, and at the date of the trial there was a full and abundant flow of water in said ditch, and no offensive odor arising therefrom. (5) That the decision of the court is contrary to law."

The first four reasons above set out, if conceded to be well assigned, would not be sufficient to secure a new trial. The statute prescribes the causes for which a new trial may be had, and one of them is that the decision of the court is not sustained by sufficient evidence. By the decision of the court is meant the special finding of facts, when one has been required. If the special finding of facts, taken as a whole, when stripped of all extraneous matters, such as facts not sustained by sufficient evidence, without the issues, and contrary to law, and legal conclusions, still contains facts properly found within the issues upon sufficient evidence upon which to predicate the conclusions of law, such conclusions will be upheld, and the surplus findings disregarded. The trial court is not required by law to paragraph and number a special finding, but in practice courts frequently do so subdivide such findings for the sake of convenience. Appellants' first three grounds for a new trial did not require the

court below, and do not require us, to examine the entire findings, but only such parts thereof as are particularly specified. If it be conceded, therefore, that paragraphs 1, 2, 16, 18, 19, 20, 21, 22, 24, 25, 37, 38, 40, 44, 45, 5. 46, 47 and 48 of the special findings are not sustained by sufficient evidence, or are without the issues, or contrary to law, it would by no means follow that the remaining paragraphs of such findings, which we are not required by appellants to review in this connection, do not contain facts within the issues, fully sustained by evidence, legal in form, and abundantly sufficient to sustain the court's conclusions of law. Until the contrary is made to appear, we are required to presume that the court's conclusions of law rest upon facts properly found.

The fifth ground upon which a new trial was asked is because the decision of the court is contrary to law. We have examined the evidence, and find that it supports the findings of the court upon every material point, and discover no reason for which it may be claimed that the decision of the court is not in conformity to the law.

The last alleged error assigned is not presented for 6. our consideration in any manner in appellants' brief, and is accordingly waived.

No error appearing in the record the judgment is affirmed.