## SCOTT ET AL. *v.* COLLIER.

[No. 20,817.   Filed June 5, 1906.]

1. PLEADING.—*Complaint.—Foreclosure.—Husband and Wife.— Principal and Surety.*—A complaint showing that defendant Nancy Scott, as principal, and Joseph Scott, as surety, were indebted to plaintiff on a certain note and mortgage executed by them, is not bad for failing to show affirmatively that she had the power to execute such instruments, since it does not show the relationship of husband and wife to exist.   p. 646.

2. SAME.—*Complaint.—Initial Attack on Appeal.*—A complaint attacked for the first time on appeal is sufficient if it states facts sufficient to bar another action for the same cause.   p. 647.

3. SAME.—*Reply.—Demurrer to.—Form of.*—A demurrer to a reply for the reason that such reply does not state facts sufficient to constitute a defense to the answer is insufficient.   p. 647.

4. SAME.—*Motion to Modify Special Findings.—Motion to State Conclusions of Law on Each Fact.*—Motions to modify special findings and to state conclusions of law on each material fact found are not recognized by our procedure.   p. 647.

5. NEW TRIAL.—*Certain Special Findings Not Sustained by Evidence.*—That certain specified special findings are not sustained by sufficient evidence is no ground for a new trial.   p. 648.

6. SAME.—*Special Findings.—Not Sustained by Sufficient Evidence.—Contrary to Law.*—That the special findings are not sustained by sufficient evidence and are contrary to law are proper grounds for a new trial.   p. 648.

7. PRINCIPAL AND SURETY.—*Husband and Wife.—Mortgages.— Bills and Notes.*—A wife receiving from her husband a conveyance of lands encumbered by a mortgage and other liens contracted by him, who borrows money and uses same in the payment of such mortgage and other liens, is a principal on the note and mortgage executed therefor, and not a surety for the husband, such payments being for the benefit of her separate property.   p. 648.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Suit by Emma B. Collier against Nancy J. Scott and another. From a decree for plaintiff, defendants appeal. Appealed from Appellate Court under subd. 3, §1337j Burns 1901, Acts 1901, p. 565, §10.   *Affirmed.*

*Kenner, Lucas & Kenner,* for appellants.

*B. M. Cobb* and *C. W. Watkins,* for appellee.

JORDAN, C. J.—This is an appeal from the judgment of the first division of the Appellate Court, affirming a judgment of the Wabash Circuit Court. It appears that appellee commenced this action against appellants in the Huntington Circuit Court to recover on a promissory note and for the foreclosure of a mortgage executed to secure the payment thereof. The case was venued to the Wabash Circuit Court.

Appellants filed a joint answer to the complaint. Nancy J. Scott also filed a separate answer, alleging therein that at the time she executed the note and mortgage she was a married woman and had executed the same as a surety of her husband, her codefendant in the action; that the note was executed by her to the plaintiff for borrowed money which was used and applied in paying the separate debts of her said husband, and that no part thereof was expended or used for her benefit, etc. Appellee replied by the general denial to the joint answer of appellants, and to the separate answer of Nancy J. Scott she replied affirmative matter in avoidance of said answer. To this reply appellants severally demurred, assigning as the only ground of demurrer that the reply did not state facts sufficient to constitute a defense to the defendants' answer. This demurrer was overruled, to which defendants excepted, and this is the ruling upon which the second assignment of error is predicated. Upon the issues joined between the parties there was a trial by the court and a special finding of facts and conclusions of law thereon in favor of appellee. Over appellants' motion for a new trial, assigning therein that the special findings are not sustained by sufficient evidence and are contrary to law, a judgment was rendered in favor of appellee, against both appellants, for $6,744.16, principal, interest and attorneys' fees, and a foreclosure of the mortgage was decreed. From

this judgment appellants appealed to the Appellate Court, and separately assigned: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that the court erred in overruling the separate demurrer of appellants to appellee's reply; (3) that the court erred in not sustaining their motion to modify the special finding of facts; (4) that the court erred in not sustaining their motion to state conclusions of law on each material fact found; (5) that the court erred in overruling the motion for a new trial.

An examination of the complaint discloses that appellee complains of Nancy J. Scott as principal and Joseph Z. Scott as surety, and alleges that on August 8, 1898, said Nancy J. Scott became indebted to appellee in the sum of $4,954.53, as evidenced by a note, a copy of which is filed with and made a part of the complaint. The execution of the mortgage on the premises described in the complaint to secure the payment of said note is shown by the averments of the complaint, and a copy of the mortgage is filed with and made a part of the pleading. It is averred that the note is due and unpaid, and a demand is made for judgment for $7,000, principal, interest and attorneys' fees, and a foreclosure of the mortgage.

The contention of appellants in respect to the insufficiency of the complaint is that, by reason of the fact that they are husband and wife, the pleading in order to state a cause of action against Nancy J. Scott, the wife, must by proper allegation or averment show that the contract in suit was one into which she, under the law, as a married woman, had the power to enter. But counsel seemingly misapprehend the fact that the complaint in this case does not upon its face, nor by either of the exhibits filed therewith, disclose that the relation of husband and wife existed between the appellants at the time of the execution of the note and mortgage in suit. As to whether Nancy J. Scott

was at that time a married woman the complaint is entirely silent. Consequently, the point advanced as to its sufficiency is wholly without support. Whether the ꞌ pleading would be sufficient as to both appellants if tested by a demurrer we need not, and do not, decide. That under the facts therein alleged, it is

2. sufficient as against an attack for the first time on appeal is settled beyond controversy. *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568; *Peoria, etc., R. Co.* v. *Attica, etc., R. Co.* (1900), 154 Ind. 218.

It will be noted that the cause assigned in the demurrer of appellants to the reply of appellee to the separate answer of Nancy J. Scott is that said reply does not state

3. facts sufficient to constitute a defense to the answer. No such ground or cause for demurring to a reply is recognized by our civil code and for that reason alone, if for no other, the court did not err in overruling the demurrer. Therefore appellants' second assignment of error must fail. *Peden* v. *Mail* (1889), 118 Ind. 556; *Krathwohl* v. *Dawson* (1895), 140 Ind. 1, 6.

The third and fourth assignments of error, as shown, are based on rulings of the trial court in denying motions to modify the special finding of facts, and to have the

4. court find certain other additional facts and to state other conclusions of law. There is no rule of practice or procedure authorizing such motions, hence, the court did not err in denying each and all of them. *Tewksbury* v. *Howard* (1894), 138 Ind. 103; *Windfall Nat. Gas, etc., Co.* v. *Terwilliger* (1899), 152 Ind. 364; *Wolverton* v. *Wolverton* (1904), 163 Ind. 26; *Royse* v. *Bourne* (1897), 149 Ind. 187.

The fifth and last error assigned is the overruling of appellants' motion for a new trial. The motion in question assigns the following reasons: (1) The special finding of facts is not sustained by sufficient evidence; (2) the special finding of facts is contrary to law; (3) special

findings four, five, six and eight are not sustained by sufficient evidence and are contrary to law.

The latter assignment, that certain enumerated findings are not sustained by sufficient evidence, etc., is not a proper assignment in a motion for a new trial, and therefore must be rejected. In fact, the first and second assignments cover the entire ground, and fully serve to challenge the sufficiency of the evidence to support the special findings of the court as to any and all of the material facts therein embraced, and to raise the question in regard to their being, under the evidence, contrary to law. *Weaver* v. *Apple* (1897), 147 Ind. 304.

We have read and considered the evidence in this case and are fully satisfied that it sustains all the material facts found by the court, and that the findings thereunder·are not contrary to law.

Appellants' theory is that Nancy J. Scott executed the note and mortgage in suit as the surety of her husband, coäppellant herein, in violation of the statute which forbids a married woman from entering into any contract of suretyship. But this theory is wholly unsupported by the ·facts, for they fully establish that she was the principal in the obligations in suit. The evidence in the case proves that she herself borrowed from appellee the money which constitutes the consideration of the note in question, and that it was applied and used by her, or under her directions, to the benefit of her separate property or estate.

It is shown that Joseph Z. Scott, husband of appellant at the time of the execution of the obligations herein involved, owned the mortgaged premises from the year 1865 down to the time at which he conveyed the same to his wife, Nancy J., as hereinafter shown. During the period of his ownership he and his said wife mortgaged the same to one Kaufman, to secure an indebtedness contracted by the husband to the amount, in round numbers, of $2,200. In

November, 1890, this mortgage indebtedness being due and unpaid, Kaufman commenced a suit to foreclose the mortgage held by him. At that time appellants were residing on the mortgaged premises. In addition to Kaufman's mortgage lien, there were several judgment liens existing against the land. A few days after the commencement by Kaufman of the suit to foreclose, it appears that Mrs. Scott went to see appellee for the purpose of borrowing money to pay off and discharge the lien on the land. Appellee was her niece and was residing in the state of Pennsylvania. Mrs. Scott succeeded in borrowing from appellee $2,463, upon the condition and under the agreement that the premises should be conveyed by the husband, Joseph Z. Scott, to her, Nancy J., through Henry J. Powers, who was the brother of appellee, and at the time was engaged in transacting business for her.

Under the agreement and condition the money borrowed from appellee by Mrs. Scott was to be used and applied in the payment of existing liens against the land, and after she obtained title thereto she and her husband were to execute a mortgage thereon to appellee to secure the payment of the money borrowed by Mrs. Scott. Appellants thereupon conveyed the lands to said Powers, and he in return conveyed them absolutely to appellant Mrs. Scott. Thereupon she and her husband executed a note to appellee for the money borrowed by the former and also a mortgage on the premises to secure the payment thereof. It is shown that Mrs. Scott, upon receiving the money which she borrowed from appellee, actually caused the same to be used and applied in the payment of the liens existing on the lands conveyed to her by her husband and thereby was enabled to and did become the absolute owner of the premises, free from all said liens and encumbrances. After she became the owner of the lands in question she appears to have allowed the taxes to go unpaid and to accumulate thereon, and at her request, or solicitation, appellee, under

the mortgage, paid these taxes, and the amount so paid is embraced in the note in suit. This note, and the mortgage securing the same, appear to be a renewal of the obligations given under the original transaction or agreement. The evidence establishes that all matters pertaining to and leading up to the borrowing of the money by Mrs. Scott from appellee and the execution of the original note and mortgage, and the conveyance of the lands in controversy to her, were all conducted personally by her, and what her husband did in regard thereto was in accordance with her request and wishes.

To recapitulate: she, by the use and means of the money which she obtained from appellee, was thereby enabled to acquire a good title to and become the owner of the lands, free from all the existing liens or encumbrances. In fact, under the circumstances, she, in effect at least, may be said to have purchased the equity of redemption which her husband owned and held in and to the premises in controversy, and used and applied the money which she borrowed from appellee in redeeming them from the mortgage and judgment liens thereon. She never was the owner of the property until she obtained the conveyance thereof from her husband through Powers, who served as a mere conduit for that purpose. Consequently there is no merit in the contention of her counsel that in the transaction she is shown to have evaded, by a circuitous route, the statute forbidding a married woman's becoming a surety. She still holds the premises, free from the original encumbrances. That, under the facts, the money which she borrowed from appellee must be held to have inured or conduced to the benefit of her separate property cannot be successfully questioned. Therefore she must be regarded and held as the principal debtor in the note in suit, and, as such, is liable thereon. *Kedy* v. *Kramer* (1891), 129 Ind. 478; *Cook* v. *Buhrlage* (1902), 159 Ind. 162; *Guy* v. *Liberenz* (1903), 160 Ind. 524.

The fact that the liens which existed against the premises in question, and which were paid and satisfied by Mrs. Scott out of the money which she borrowed from appellee, arose out of an indebtedness originally contracted by her husband, can, under the circumstances, exert no controlling influence in her favor in the decision of this case. We find that the judgment of the trial court is a correct result, and is therefore in all things affirmed.