GULBRANSEN-DICKINSON COMPANY *v.* LARREW.

[No. 12,113.  Filed April 2, 1925.]

1. NEW TRIAL.—*Assigning as cause for a new trial that a specified finding (of the court's special findings) is not sustained by evidence presents no question.*—Assigning as a cause for a new trial that a specified finding (of the court's special findings) is not sustained by sufficient evidence presents no question on appeal. p. 620.

2. APPEAL.—*Erroneous conclusion of law which is the basis of judgment for appellee requires reversal of judgment.*—An erroneous conclusion of law which is the basis for another conclusion of law which amounts to a finding in favor of appellee requires the reversal of the judgment. p. 620.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Action by the Gulbransen-Dickinson Company against William C. Larrew, in which the latter filed a cross-complaint. From a judgment on the cross-complaint, the plaintiff appeals. *Reversed.*

*Orville W. Nichols,* for appellant.
*James C. Fletcher* and *Charles Hamilton Peters,* for appellee.

NICHOLS, J.—Action by appellant against appellee on account for the purchase price of a player-piano. Appellee, by cross-complaint, demanded damages of appellant for breach of an exclusive sales contract. There was judgment for the difference between the amount due on the complaint, and the damages on the cross-complaint in favor of appellee. The only reasons for a new trial which appellant seeks to present are that finding No. 1 is not sustained by sufficient evidence, and that it is contrary to law. This presents no question. *Scott* v. *Collier* (1906), 166 Ind. 644, 78 N. E. 184; *Hamrick* v. *Hoover* (1908), 41 Ind. App. 411, 84 N. E. 28.

It appears by special finding No. 1 that the contract of agency between appellee and appellant was entered into on March 10, 1921, in which contract appellee was given the exclusive agency of Starke and Pulaski counties, with the agreement by appellant that it would protect such territory in the spirit of fair play. By finding No. 5, it appears that theretofore, to wit: on February 26, 1921, one Miller took an order for a player-piano, of appellant's manufacture, from one Hite, which order was forwarded to appellant, but the piano was not delivered to Hite until March 16, 1921, six days after appellee's agency contract. We hold, however, that by the spirit of fair play, appellee was not entitled to the commission on this sale as held in conclusion of law No. 2, and that therefore such

conclusion was error, and that automatically conclusion of law No. 3, holding that appellee was entitled to judgment for the difference between the commission and the amount due on the complaint, was also error.

Judgment reversed, with instruction to the court to enter judgment in harmony with this opinion.