### THREAD MILLS COMPANY ET AL *v.* HUBBARD ET AL.

[No. 12,282.   Filed June 8, 1926.]

1. APPEAL.—*Error not shown in overruling motion to strike out all interrogatories propounded to defendant.*—An appellate tribunal cannot say that the trial court erred in overruling defendants' motion to strike out *all* the interrogatories propounded by the plaintiff; the complaint not being set out in appellants' brief.  p. 6.

2. APPEAL.—*Error not shown in overruling motion in arrest of judgment.*—Appellate tribunal cannot say that trial court erred in overruling a motion in arrest of judgment, the complaint not being set out in appellants' brief.  p. 6.

3. APPEAL.—*Joint assignment of error as to "the conclusions of law" cannot be sustained if any conclusion was correct.*—An assignment of error that "the court erred in its conclusions of law" is a joint assignment as to all its conclusions, and cannot be sustained if any conclusion was correct.  p. 7.

4. NEW TRIAL.—*That specific findings are not sustained by the evidence is not cause for new trial.*—Assigning as causes for a new trial that specific findings of a special finding of facts were not sustained by sufficient evidence is not authorized and presents no question on appeal for the consideration of the court.  p. 7.

5. APPEAL.—*Assigning as cause for new trial that the "decision of the court is contrary to law" cannot perform the function of an exception to a conclusion of law.*—Assigning as cause for a new trial that the "decision of the court was contrary to law" cannot perform the function of an exception to a conclusion of law, and does not raise any question on appeal as to the correctness of the conclusions of law.  p. 7.

From Cass Circuit Court; *Paul M. Souder,* Judge.

Action by Samuel T. Hubbard and others against the Thread Mills Company, the Chicago Thread Manufacturing Company and another. From a judgment for plaintiffs against the named defendants, they appeal. *Affirmed.*  By the court in banc.

*Pickens, Moores, Davidson & Pickens* and *Jenkines & Jenkines,* for appellants.

*David C. Arthur, Robert J. Arthur, Robert C. Hillis* and *Matson, Carter, Ross & McCord,* for appellees.

ENLOE, C. J.—This was an action by the appellees, a partnership, to recover money alleged to have been paid by the appellees at the special instance and request of the Chicago Thread Manufacturing Company to a creditor of said corporation. The "Chicago Thread Manufacturing Company" and the "Thread Mills Company" were also made parties defendant. The cause was tried by the court and, upon a request in that behalf, it made a special finding of facts and stated conclusions of law thereon. The trial court held that there had been no proper service upon the "Chicago Thread Manufacturing Company" nor any entry of appearance by that company, and the judgment was rendered against the two remaining defendants, from which judgment, this appeal is prosecuted. The errors assigned and presented are those hereinafter considered.

The appellants first present as alleged error the action of the court in refusing to strike out certain interrogatories propounded to the appellants, and the

1. answers thereto. The appellants have entirely failed to set out in their brief filed herein the complaint upon which this case was tried, and, in the absence of said complaint, we cannot say—the said motion being to strike out *all* interrogatories and the answers thereto—that the court erred in said ruling.

It is next urged that the trial court erred in overruling the motion in arrest of judgment. Here we are met with the same situation as above noted—ab-

2. sence of the complaint from said brief—and, in the absence thereof, we cannot say that there was error in the said ruling.

Appellants have assigned as error that "the court erred in its conclusions of law" upon the facts found. The court stated three conclusions of law, the second being, that it had no jurisdiction over the "Chicago Thread Manufacturing Company." The appellants concede that this conclusion was well stated, and as their assignment of error challenged the conclusions of law in gross, being a joint assignment, they tacitly concede that they cannot prevail as to this assignment.

It is next urged that it was error to overrule the motion of the appellants for a new trial. This motion contained 164 specifications. The specifications numbered from 5 to 114, both inclusive, challenged certain specific findings of fact, (but not all of said findings) as not being sustained by the evidence. These several assignments in said motion for a new trial present nothing for our consideration. *Major* v. *Miller* (1905), 165 Ind. 275, 75 N. E. 159; *Federal Life Ins. Co.* v. *Maxam* (1917), 70 Ind. App. 266, 118 N. E. 839. However, the sufficiency of the evidence to sustain the findings is presented in appellants' second specification in the motion for a new trial, and we have therefore considered the same. A reading of the evidence, as the same is set forth in the briefs filed herein, satisfies us that the findings of the court are each and all sustained by sufficient evidence.

Appellants next contend that the same questions which they sought to raise under their said assignment of error in conclusions of law are raised by their assignment in their motion for a new trial that the "decision of the court" was contrary to law. We cannot accede to this contention. In *Bundy* v. *McClarnon* (1889), 118 Ind. 165, 20 N. E. 718, it was said: "An assignment, as one of the grounds for a new trial, that the decision of the court is contrary to law, does

not perform the office of an exception to the conclusions of law stated by the court on a special finding of facts, nor does such an assignment remedy the failure to except to the conclusions of law." In *Smith* v. *James* (1892), 131 Ind. 131, 30 N. E. 902, it was said: "A motion for a new trial is a direct motion, and does not require a bill of exceptions to bring it into the record. This has long been the rule. A motion for a new trial is proper where there is a special finding, but it is not a proper mode of assailing the correctness of the conclusions of law." And, in *Nelson* v. *Cottingham* (1899), 152 Ind. 135, 52 N. E. 702, it was said: "In other words, the correctness of the conclusions of law is not reached by a motion for a judgment, nor by a motion to modify or for a new trial." See, also, *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 57 N. E. 917, and *Beard* v. *Payne* (1917), 64 Ind. App. 324, 115 N. E. 782, in which latter case, this court said: "Appellants' counsel have undertaken to present in their points and authorities and in their argument certain other questions which can only arise under an assignment of error relating to the action of the court in stating its conclusions of law upon the facts found. No such error was assigned, and hence such questions are waived on appeal. * * * Such question cannot be raised on an assignment in the motion for a new trial that the decision is contrary to law."

Complaint is made and error is charged in the admitting of certain evidence. The special findings of fact and the conclusions of law stated thereon disclose that this case was tried upon the theory that the various changes in corporate name, as disclosed by the evidence, were, in fact, *changes in name only;* that the appellant Thread Mills Company was, in fact, but the old Illinois corporation, Chicago Thread Manufacturing Company, in a new home and wearing a new name. Tried, as the

case was, upon this theory, we find no error as to the matters complained of, in the admitting of evidence.

The judgment is affirmed.