MULLAHY *v.* CITY OF FORT WAYNE ET AL.

[No. 14,012. Filed February 3, 1932. Rehearing denied July 27, 1932. Transfer denied December 7, 1932.]

*S. K. Frankenstein, O. R. Kuhlman,* for appellant.
*Leonard, Rose and Zollars, Flanigan & McGreevy,* and *William Fruechtenicht,* for appellees.

CURTIS, J.—The City of Fort Wayne let a contract to the Grace Construction and Supply Company for the improvement of Charlotte Avenue in said city, and this was an action by William F. Mullahy, appellant, owning property abutting on said street against the City of Fort Wayne and the Grace Construction and Supply Company, sometimes referred to as the Grace Construction Company, to enjoin the paving of said street on the ground that the cost of said improvement under the contract "exceeds 50 per cent of the aggregate value of the property abutting thereon, or within one hundred and fifty feet thereof, as it is assessed for taxation, exclusive of the improvements and subject to be assessed for so much of the cost of said proposed improvement, excluding the cost of intersections," "eighty per cent of all the owners of real estate subject to assessment for such improvement" not having filed before the Board of Public Works of said city their written consent thereto. In the

above statement those portions in quotation marks are taken from Sec. 10440 Burns 1926, upon which the appellant relies. The original complaint was in one paragraph to which a demurrer was sustained, whereupon the appellant filed an amended complaint in three paragraphs. The appellees filed separate demurrers to the first paragraph of the amended complaint which were sustained, to which action the appellant excepted. Answers in general denial were filed by both appellees to the second and third paragraphs of said amended complaint. Upon these issues there was a trial before the court, who, upon the request of the appellant, made a special finding of facts and stated conclusions of law thereon. The conclusions of law are as follows: "(1) That the plaintiff is not entitled to enjoin the improvement of Charlotte Avenue under the resolution and contract referred to in the foregoing findings nor to take anything by his complaint; (2) that the defendants are entitled to a judgment against the plaintiff for their cost in his behalf laid out and expended and accruing costs."

The appellant excepted to each conclusion of law. He filed a motion for a new trial which was overruled, and an exception taken, and this appeal perfected. The errors relied upon for reversal are: (1) That the court erred in sustaining the demurrers of the appellees to the first paragraph of the amended complaint; (2) error in overruling the motion for a new trial. The causes for a new trial relied upon for reversal are: "(1) Finding of the court is contrary to law; (2) the finding of the court is not sustained by sufficient evidence; (3) the finding of the court is not sustained by sufficient evidence and is contrary to the law; (4) the decision of the court is not sustained by sufficient evidence; (5) the decision of the court is contrary to law; (6) the decision of the court is not sustained by sufficient evi-

dence and is contrary to law." The appellant states in his brief that "a judgment on the special finding of facts and conclusions of law was rendered on the 19th day of July, 1925"; and at another place in his brief, he says: "Judgment was entered on the special finding of facts." We are left to conjecture or to presumption as to what the judgment or decree was and in whose favor or against whom it was rendered unless we search the record ourselves. The third clause of Rule 22 of the Supreme Court and this Court requires that the brief of the appellant shall contain a short and clear statement disclosing among other things "how the issues were decided and what the judgment or decree was." Our courts have repeatedly held that the rule above quoted from must be substantially observed in order to present any question and that the briefs must be so prepared that all questions presented by the assignment of errors can be determined by this court from an examination thereof without examining the record. *Johnson et al.* v. *Bebout et al.* (1915), 59 Ind. App. 159, 108 N. E. 967; *Miller* v. *Collier et al.* (1900), 35 Ind. App. 176, 73 N. E. 925; *Chicago, Indianapolis & Louisville Railway Company* v. *Newkirk* (1911), 48 Ind. App. 349, 93 N. E. 860; *Chicago Terminal Transfer Railroad Company* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090. This defect in the appellant's brief was pointed out and ably discussed in the answer brief of the appellees, but notwithstanding this and notwithstanding the liberality of the courts in allowing the amendment of briefs upon timely application, the appellant has not seen fit to apply for authority to supply the defect. Under these facts we cannot say that the appellant is entitled to the advantage of what is commonly referred to as the "good faith attempt" rule. Moreover, it is pointed out by the appellees that inasmuch as the evidence is all by stipulation and the ap-

pellant has not pointed out that the special finding of facts includes anything that is not contained in the stipulation, nor omits any fact that was agreed upon in the stipulation, that no error is shown under the error assigned in the motion for a new trial challenging the finding of facts. Appellees point out also that the conclusions of law were duly excepted to but not made the basis of an assignment of error in this court ██ and that no question is therefore presented as to the conclusions of law. The authorities are numerous on this proposition and sustain the appellees' contention. A motion for a new trial does not present the question of error in the conclusions of law. *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 71 N. E. 123; *Rooker et al.* v. *Ludowici Celadon Company* (1913), 53 Ind. App. 275, 100 N. E. 469; *Beard et al.* v. *Payne* (1917), 64 Ind. App. 324, 115 N. E. 782; *Railroad School Township, Starke County, Indiana,* v. *Christensen* (1928), 88 Ind. App. 86, 169 N. E. 539; *Smith et al.* v. *Hill* (1929), 200 Ind. 616, 165 N. E. 911; *Bundy* v. *McClarnon* (1888), 118 Ind. 165, 20 N. E. 718; *Thread Mills Company et al.* v. *Hubard et al.* (1926), 85 Ind. App. 5, 152 N. E. 294.

We conclude that no question is presented by reason of the fact that the appellant's brief does not disclose what the judgment or decree was nor against ██ whom nor in whose favor it was rendered. It therefore becomes unnecessary to discuss other questions attempted to be presented.

Judgment affirmed.