MORSCHES-NOWELS LUMBER COMPANY *v.* PENCE ET AL.

[No. 15,948.  Filed February 7, 1939.]

*Gates & Gates, Kitch & Kitch,* and *Cleon H. Foust, Jr.,* for appellant.

*Brubaker & Rockhill* and *L. W. Royse,* for appellees.

BRIDWELL, J. — Appellant prosecuted this action against appellees to replevy 869 logs.  The complaint alleged ownership, and right to immediate possession on the part of appellant, and that appellees held possession of

said logs without right, and were unlawfully detaining same from appellant to its damage. The answer was in general denial. The cause was submitted to the court for trial, and upon proper request therefor, the court made and filed its special finding of facts, and stated its conclusions of law thereon. Both were in favor of appellees. Appellant did not except to the conclusions of law, nor to either of the four conclusions stated. Judgment in accordance with the conclusions of law was rendered. Appellant duly filed its motion for a new trial, which was overruled, to which ruling appellant excepted, and thereafter perfected this appeal.

The assignment of errors contained fourteen specifications of error, but only one of them—that the court erred in overruling plaintiff's (appellant's) motion for a new trial—is discussed under the heading "Propositions and Authorities" in appellant's original brief, and in the reply brief appellant expressly states this assigned error is the only one relied upon for reversal. All other claimed errors are therefore waived.

The motion for a new trial, omitting its formal parts, is as follows:

"The plaintiff in the above entitled cause moves for a new trial herein on each of the following grounds:

"1. Special Finding of Fact No. 4 as found by the court is not sustained by sufficient evidence and is contrary to law.

"2. Special Finding of Fact No. 10 as found by the court is not sustained by sufficient evidence and is contrary to law.

"3. Special Finding of Fact No. 13 as found by the court is not sustained by sufficient evidence and is contrary to law.

"4. The court erred in admitting in evidence, over objection of the plaintiff the following evidence: The mortgage executed by defendants, Willard Pence and Bertha M. R. Pence, in the sum of Two Thousand and no/100 Dollars ($2,000.00) to Land Bank Commissioner . . .

"5. Special Finding of Fact No. 15 as found by the court is not sustained by sufficient evidence and is contrary to law.

"6. Special Finding of Fact No. 16 as found by the court is not sustained by sufficient evidence and is contrary to law.

"7. Special Finding of Fact No. 20 as found by the court is not sustained by sufficient evidence and is contrary to law.

"8. The trial court erred in his Special Finding of Fact by failing to include in said Findings a finding that the defendants after the recording of their deed for the real estate and prior to the instituting of this cause of action sold and removed from said real estate timber for which defendants received One Hundred and no/100 Dollars ($100.00), which consisted of 23,000 feet of timber. That said facts were proved, upon the trial of the cause by uncontradicted evidence, and should have been included in the Special Finding of Fact by the court.

"9. The trial court erred in his Special Findings of Fact by failing to include in said Findings a finding that the deed from S. J. Peabody Lumber Company to Willard Pence and Bertha M. R. Pence was prepared on the evening of September 16, 1929, the day upon which the contract was executed. That said fact was proved upon the trial of the cause by uncontradicted evidence, and should have been included in the Findings of Fact by the court.

"10. That Conclusion of Law Number One as decreed by the court is erroneous and not sustained by the evidence.

"11. That Conclusion of Law Number Two as decreed by the court is erroneous and not sustained by the evidence.

"12. That Conclusion of Law Number Three as decreed by the court is erroneous and not sustained by the evidence.

"13. That Conclusion of Law Number Four as decreed by the court is erroneous and not sustained by the evidence.

"Wherefore, the plaintiff prays the court for a new trial of said cause."

It is to be noted that the motion for a new trial does not assign as a cause therefor either that the decision

of the court is not sustained by sufficient evidence, or that the decision of the court is contrary to law.

By causes numbered 1, 2, 3, 5, 6, and 7 of said motion, special findings numbered 4, 10, 13, 15, 16, and 20 of the special finding of facts are separately challenged in this respect, but not the special finding as a whole. Such purported causes for a new trial are not authorized by our statute, and present nothing for consideration on appeal. *Major* v. *Miller* (1905), 165 Ind. 275, 278, 75 N. E. 159; *Scott* v. *Collier* (1906), 166 Ind. 644, 647, 648, 78 N. E. 184; *Federal Life Insurance Co.* v. *Maxam* (1919), 70 Ind. App. 266, 289, 117 N. E. 801, 118 N. E. 839; *Thread Mills Co.* v. *Hubbard* (1926), 85 Ind. App. 5, 7, 152 N. E. 294.

By causes numbered 10, 11, 12, and 13, appellant attempts to question the correctness of the conclusions of law which were stated by the court, but this cannot be done through the medium of a motion for a new trial. The correctness of a conclusion of law can be contested only by proper exception to such conclusion, and by assigning as error in the court to which an appeal is taken that the trial court erred in the conclusion which it is desired to challenge. *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 30, 71 N. E. 123; *Maynard* v. *Waidlich* (1901), 156 Ind. 562, 565, 60 N. E. 348, *Rooker* v. *Ludowici Celadon Co.* (1913), 53 Ind. App. 275, 280, 100 N. E. 469; *Mullahy* v. *City of Ft. Wayne* (1932), 95 Ind. App. 229, 179 N. E. 563.

By causes numbered 8 and 9 of said motion, appellant seeks a new trial for the alleged reason that the trial court failed to find certain proven facts which were established by uncontradicted evidence. While it is true that when material facts within the issues are proven by uncontradicted evidence, and the court makes no finding as to such proven facts, thus impliedly finding that they were not proven, the finding

in such respect is contrary to law. However, this error on the part of the court, if it occurred, should have been presented by assigning as a cause for a new trial that the decision of the court is contrary to law, and, as heretofore stated, the motion in the instant case does not contain any such assignment. See *Casady* v. *Lacy* (1933), 97 Ind. App. 32, 184 N. E. 427, and cases there cited.

Cause Number 4 of the motion claims error in the admission of certain evidence, but neither this cause, nor causes 8 and 9 heretofore discussed, are in any manner mentioned by appellant in its brief under its propositions and authorities, and, therefore, no question relating to any error claimed in either of said causes is presented for review.

Appellant having failed to present any reversible error, the judgment is affirmed.