NUNEMAKER *v.* GLASSBURN ET UX.

[No. 20,048. Filed October 18, 1965.]

*C. W. Bangs,* of Huntington, for appellant.

*O'Malley & Brown,* of Huntington, for appellees.

SMITH, J.—This action was instituted by Ashley Johnson against Virgil N. Glassburn and June E. Glassburn, appellees herein, to foreclose a mortgage upon certain described real estate, the record title of which was held by the appellees. To plaintiff's complaint appellees filed various answers, setting up as a defense a tort action alleged to have been committed by Paul J. Nunemaker, the appellant herein, which answers were stricken and subsequently answers alleging a. tort action by said Ashley Johnson and the appellant herein, as joint tortfeasors, and a cross-complaint were filed by said appellees, ultimately joining appellant herein as a defendant under the name of Jack Nunemaker, whose true name is Paul J. Nunemaker. The cause was submitted to the court without the intervention of a jury and resulted in a personal judgment against the appellees and a decree of a foreclosure of the real estate described in the mortgage; and a finding and a judgment in favor of the appellees against Jack Nunemaker on the cross-complaint. After judgment in foreclosure was entered in favor of Ashley Johnson and against Virgil N. Glassburn and June E. Glassburn, the Glassburns satisfied the judgment

in full. At the written request of Ashley Johnson and the appellant Paul J. Nunemaker, Special Findings of Fact and conclusions of law were made and entered by the court.

The court then entered judgment on the cross-complaint in favor of the cross-plaintiffs, appellees herein, and decreed that the appellees recover from the cross-defendant, appellant herein, Jack Nunemaker, whose true name is Paul J. Nunemaker, the sum of $10,000.00.

The record discloses that Virgil N. Glassburn and June E. Glassburn, Jack Nunemaker and Ashley Johnson filed motions for a new trial. Subsequently the motions for a new trial of Ashley Johnson, Virgil N. Glassburn and June E. Glassburn were withdrawn.

So far as this appeal is concerned we are considering only the issues of the cross-complaint.

The appellant, Paul J. Nunemaker, filed a motion for a new trial which, omitting formal parts, reads as follows:

"Comes now Jack Nunemaker, who is one and the same person as Paul J. Nunemaker, defendant and cross-defendant in the above entitled cause, and respectfully moves the court for a new trial herein on each of the following grounds, to-wit:

"1. The damages assessed by the court are excessive.

"2. The finding of the court is not sustained by sufficient evidence and is contrary to law.

"3. The decision of the court is not sustained by sufficient evidence and is contrary to law."

The sole assignment of error is the overruling of

the motion for a new trial filed by Paul J. Nunemaker.

After the appellant had perfected this appeal by filing a transcript, assignment of error and an appellant's brief, the appellees filed a motion to dismiss the appeal, or in the alternative, to affirm the judgment below. They contend in their motion to dismiss that there is nothing in the motion for a new trial which specifically recites each error relied upon arising prior to the time of the filing of the motion; that the motion for a new trial does not comply with Rule 2-6 of the Supreme Court of Indiana; and that, because there are no specific errors in the motion for a new trial set out, there were no grounds for the motion for a new trial. They assert that Rule 2-6 requires the showing of each error that arose up to the time of filing of the motion for a new trial thereby forming a basis for the motion for a new trial. The appellees further assert that no claim has been made by the appellant that any error has arisen subsequent to the filing of the motion for a new trial which could be made the basis for this appeal.

Our Court speaking through our Chief Justice, in considering the motion to dismiss the appeal or in the alternative to affirm the judgment below, treated said motion as two separate motions. The motion to dismiss was overruled and the ruling on the request for an affirmance of the judgment below was held in abeyance until the case was finally disposed of on its merits.

The first question for us to determine is whether or not any error has been presented to this Court which would permit us to decide this case on its merits.

From an examination of the motion for a new trial it is apparent that there is no error specifically

addressed to any special finding of fact or conclusion of law.

In *Bays* v. *State* (1959), 240 Ind. 37, 159 N. E. (2d) 393, certiorari denied 361 U. S. 972, 80 S. Ct. 605, 4 L. Ed. (2d) 551, in referring to Rule 2-6 the Supreme Court stated: "Prior to the adoption of the above rule [Rule 2-6] it was permissible to independently assign many errors in the proceeding which preceded the filing of a motion for a new trial, however, the rule as changed requires that, in all proceedings where a trial is had and a motion for new trial is contemplated such errors *shall* be specified as a ground for new trial." See, *Flanagan, Wiltrout and Hamilton Motions and Complaints for a New Trial*, Sec. 1811, 1963 Pocket Part.

This statement appears to be in conflict with the wording of Rule 2-6 as it then existed. However, Rule 2-6 was thereafter amended, effective September 1, 1960, to comply with the ruling in the *Bays* case. Such rule, as amended, reads in part as follows:

> "In all cases in which a motion for a new trial is the appropriate procedure premliminary to an appeal, such motion shall be filed and *shall separately specify as grounds therefore each error relied upon however and whenever arising up to the time of filing such motion*, an assignment of error on appeal to the affect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal." (Emphasis supplied)

In the case of *Fair Share Organization Inc., Roosevelt* v. *Haywood, William Robinson, Mack King, John Upshaw, Mack Flagg and James Walker* v. *Phillip Nagdeman and Sons Inc.* (1963), 135 Ind. App. 610, 193 N. E. (2d) 257, U. S. Cert. Den.

379 U. S. 818, 85 S. Ct. 37, in which the appellants asserted that alleged errors of the trial court in making special findings of fact may be independently assigned as error, our Court held as follows:

> "We do not agree with this contention. In 1949, Supreme Court Rule 2-6 read, in part, as follows: 'If in the trial court a motion for a new trial is filed, each error relied upon, however and whenever arising up to the time of the filing of said motion, may be separately specified therein as a ground therefor, and an assignment of error to the effect that the trial court erred in overruling said motion shall be sufficient to raise said asserted error on appeal. Errors which now must be assigned independently may still be so assigned if desired.'

> "Our Supreme Court in the case of *Bays* v. *State of Indiana* (1959), 240 Ind. 37, 159 N. E. (2d) 393, Cert. Den. 361 U. S. 972, 80 S. Ct. 605, 4 L. Ed. (2d) 551, in discussing the 1949 rule said: 'Prior to the adoption of said rule it was permissible independently to assign any errors in the proceeding which preceded the filing of a motion for a new trial. However, the rule as changed requires that, in all proceedings where a trial is had and a motion for a new trial is contemplated such errors shall be specified as a ground for a new trial. The chief reason for requiring that such errors be set forth as cause in a motion for a new trial, is that the trial judge have a chance to remove subject matter complained of, if any, by granting the motion for a new trial prior to appeal . . .' .

> "Subsequently the rule announced in the *Bays* case was incorporated into Rule 2-6 by amendment effective September 1, 1960 as set forth above.

> *"Thus, it is now clear that all errors occurring prior to the time for filing a motion for a new trial must be specified as a ground for a new trial whenever the motion is appropriate."* (Emphasis supplied)

In the case of *Dorweiler et al* v. *Sinks, et al* (1958), 128 Ind. App. 532, 148 N. E. (2d) 570, Transfer denied June 10, 1958, our Court held that a motion for a new trial specifying therein that the decision of the court is contrary to law presents no question as to the conclusions of law.

In the case of *Southport Board of Zoning Appeals, et al.* v. *Southside Ready Mix Concrete, Inc. et al* (1961), 242 Ind. 133, 176 N. E. (2d) 112, our Supreme Court said in substance that alleged errors for a new trial must be specified with sufficient certainty that the trial court may review the particular objection on motion for new trial; and, in fairness to the trial court and the parties concerned, the same particularity is required for review on appeal.

It is therefore our opinion that none of the grounds specified in the motion for a new trial, namely, that the damages assessed by the court are excessive, that the finding of the court is not sustained by sufficient evidence, and that the decision of the court is not sustained by sufficient evidence and is contrary to law meet the requirements of Rule 2-6 of the Supreme Court of Indiana. Therefore no proper error was ever presented to the trial court by the motion for new trial; and hence no proper error is before us on the assignment of error.

The appellee did not file an answer brief. The law is now well settled that in the absence of an answer brief all that is required of this Court is to decide whether or not the appellant's brief has demonstrated prima facie error. However, in view of our holding that no error has been presented to us by the assignment of error, we are not called upon to examine the record to determine whether or not appellant has demonstrated prima facie error.

Judgment of the lower court is hereby affirmed.

Bierly, C.J., Hunter and Mote, JJ., concur.

NOTE.—Reported in 210 N. E. 2d 668.