LARSON *v.* SMITLEY.

[No. 20,625. Filed July 19, 1967. Rehearing denied September 20, 1967. Transfer denied November 16, 1967.]

*Shoup, Kiernan & McDonagh,* of Hammond, for appellant.

*Peters, McHie, Enslen & Hand,* of Hammond, for appellee.

COOPER, J.—This is an appeal from a judgment entered upon special findings of fact and conclusions of law, in an action seeking a final dissolution and the termination of a partnership.

It appears from the record that the parties hereto had in fact dissolved and terminated their partnership, but that subsequently they could not agree as to the distribution of the various partnership assets and property.

The assigned error on appeal is the overruling of the Appellant's Motion for a New Trial. The pertinent parts of the Appellant's Motion for a New Trial are as follows:

"1. That the decision of the Court in its special findings of fact is not sustained by sufficient evidence and the decision of the Court is contrary to law as regards paragraph 1, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 thereof.

"2. That the Court failed to find certain facts and the Court was silent as to these facts, and, in effect, decided negatively against the Defendant and Cross-Claimant; and such decision is contrary to law . . ."

We find from the record that the Plaintiff below, Thomas H. Smitley, brought an action against Guy Eugene Larson,

praying for, in substance, the dissolution of a partnership known as the Exchange Realty and Insurance Company, and asking that the property of the partnership be divided, distributed or partitioned between the parties, and that the partnership liabilities and debts be ordered paid. The defendant, Appellant herein, filed an answer admitting substantially all of the material averments of the plaintiff's complaint, with the exception of the agreement of dissolution and termination, and thereafter filed his cross-complaint alleging almost verbatim the averments of the plaintiff's complaint.

Therefore, the record affirmatively reveals that by the averments of the complaint, cross-complaint, and the prayers thereof, both parties requested the trial court to enter a decree of dissolution and accounting, and that the property of the partnership be divided, distributed or partitioned, and that the debts or liabilities of the partnership be paid off and that any surplus be divided between the parties.

After the trial of the cause, the trial court made and filed its final special findings of fact and conclusions of law thereon.

The special findings of fact and conclusions of law thereon are voluminous and no real purpose would be served by setting forth herein the special findings of fact and the conclusions of law.

It is to be noted that in the hereinbefore set out portions of the Motion for New Trial, by cause No. 1 thereof, special findings of fact numbered 1, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 of the special findings of facts are separately challenged as ". . . not being sustained by sufficient evidence and the decision of the Court is contrary to law . . ." However, the Motion for New Trial did not challenge the special findings of fact as a whole. Therefore, the Appellant's specification No. 1 of his Motion for a New

Trial presents nothing for our consideration on appeal. Such purported causes for a new trial are not authorized by our statute. West's Indiana Practice, Sec. 1768, p. 528; *Morsches-Nowels Lumber Co.* v. *Pence et al.* (1939), 106 Ind. App. 219, 222, 18 N. E. 2d 958; *Major, et al.* v. *Miller, et al.* (1905), 165 Ind. 275, 278, 75 N. E. 159; *Federal Life Insurance Co.* v. *Maxam, et al.* (1919), 70 Ind. App. 266, 289, 117 N. E. 801, 118 N. E. 839; *Thread Mills Co. et al.* v. *Hubbard, et al.* (1926), 85 Ind. App. 5, 7, 152 N. E. 294; *Armstrong* v. *Peoples State Bank of Windfall, et al.,* (1928) 88 Ind. App. 1, 4, 161 N. E. 652.

Notwithstanding the apparent conclusions to be drawn from the case of *Nunamaker* v. *Glassburn, et al.* (1965), 137 Ind. App. 655, 210 N. E. 2d 668, we feel the foregoing cases are still the law, as our supreme court has never overruled or modified the pertinent and prevailing precedents enunciated in the above cited cases, by either case law or rule.

It is claimed by the Appellant in cause No. 2 of his Motion for New Trial "that the Court failed to find certain facts and the Court was silent to these facts, and, in effect, decided negatively against the defendant and cross-claimant; and such decision is contrary to law." It is the general rule of law as contended by Appellant, that where *pertinent* and *material* facts are proved, but the Court does not find upon them and thereby impliedly finds that they are not proven, the finding in such respect is contrary to law. See Lowes Revision of *Works Indiana Practice and Pleading,* Vol. 4, Sec. 61: 83, p. 69; *Casady* v. *Lacy* (1933), 97 Ind. App. 32, 35, 184 N. E. 427, and authorities cited therein. In reviewing the trial court's findings it is apparent and also admitted by the Appellant in his brief that the court's special findings of fact were negative and against the Appellant, who under his cross-complaint had the burden of proof in respect thereto.

However, we have read and considered all the evidence in the record now before us. This court on appeal will not

weigh the evidence. The trial court had the parties before it and it was his duty to determine the credibility of the witnesses.

We are of the opinion that the trial court did find the necessary, material and controlling facts, and the decision of the court is not contrary to law because of a failure to find facts favorable to the Appellant as is contended.

We find no reversible error and the judgment of the Lake Circuit Court is affirmed.

Carson, P. J., and Prime, J., concur. Faulconer, J., concurs, with separate opinion.

## CONCURRING OPINION

FAULCONER, J.—Although I concur in the opinion of Cooper, J., I feel that a more detailed explanation of the proper method of attacking findings of fact in the motion for new trial as not sustained by sufficient evidence is in order. This is due to the evidently divergent statements set forth in *Morsches-Nowels Lumber Co.* v. *Pence* (1939), 106 Ind. App. 219, 18 N. E. 2d 958, and *Nunemaker* v. *Glassburn* (1965), 137 Ind. App. 655, 210 N. E. 2d 668, 6 Ind. Dec. 576, referred to in Judge Cooper's opinion.

Generally, any error in the special findings of fact must be made a specification in the motion for new trial. Rule 2-6, Rules of the Supreme Court.

It was held in *Dorweiler, et al.* v. *Sinks, et al.* (1958), 128 Ind. App. 532, at page 547, 148 N. E. 2d 570, (Transfer denied, 151 N. E. 2d 142), "that the only way the sufficiency of the evidence to sustain the special finding of facts can be questioned is by a specification in the motion for a new trial that the decision or finding is not sustained by sufficient evidence, . . . ."

Exactly how such attack is to be worded in the motion for a new trial has been before our review courts several times.

"Special findings of fact cannot be separately challenged in the motion for a new trial but must be challenged as a whole." 2 Wiltrout, *Ind. Civ. Pract.*, § 1768, ch. 78, p. 528.

Judge Wiltrout cites as his authority *Morsches-Nowels Lumber Co. v. Pence, supra* (1939), 106 Ind. App. 219, 18 N. E. 2d 958. In that cause the motion for new trial attacks as not sustained by sufficient evidence and contrary to law, special findings of fact 4, 10, 13, 15, 16 and 20, each finding as a separate specification.

This court, in the *Pence* case, at page 222 of 106 Ind. App., stated that "[b]y causes numbered 1, 2, 3, 5, 6 and 7 of said motion, special findings numbered 4, 10, 13, 15, 16 and 20 of the special finding of facts are separately challenged in this respect, but not the special finding as a whole. Such purported causes for a new trial are not authorized by our statute, and present nothing for consideration on appeal." The court, at page 221 of 106 Ind. App., also noted *"that the motion for a new trial does not assign as a cause therefor either that the decision of the court is not sustained by sufficient evidence, or that the decision of the court is contrary to law."* (Emphasis supplied.) The court cites as authority the cases of *Major v. Miller* (1905), 165 Ind. 275, 278, 75 N. E. 159; *Scott v. Collier* (1906), 166 Ind. 644, 647, 648, 78 N. E. 184; *Federal Life Insurance Co. v. Maxam* (1919), 70 Ind. App. 266, 289, 117 N. E. 801, 118 N. E. 839; *Thread Mills Co. v. Hubbard* (1926), 85 Ind. App. 5, 7, 152 N. E. 294.

From the above decisions and authorities it would appear that when challenging the special findings of fact in a motion for a new trial on the grounds of insufficient evidence the general phrase that the decision or finding is not sustained by sufficient evidence will suffice, (*Dorweiler* case), or, if separately specified, all findings must be challenged "as a whole."

However, in the case of *Nunemaker v. Glassburn, supra,* (1965), 137 Ind. App. 655, 210 N. E. 2d 668, 6 Ind. Dec. 576, written by Judge Smith and concurred in by Judges Bierly,

Hunter and Mote of the Second Division, the motion for a new trial, in pertinent part, specified, "2. The finding of the court is not sustained by sufficient evidence and is contrary to law.", and "3. The decision of the court is not sustained by sufficient evidence and is contrary to law."

The *Nunemaker* case stated that none of the grounds specified in the motion for new trial meet the requirements of Rule 2-6 of the Supreme Court of Indiana. Prior to this conclusion the court, at page 671 of 210 N. E. 2d, stated, "that alleged errors for a new trial must be specified with sufficient certainty that the trial court may review the particular objection on motion for new trial."

The *Nunemaker* case, in which transfer was not requested, as it regards challenging special findings of fact appears to be in direct conflict with the above authorities and appears to directly overrule the *Dorweiler* case.

In the present case the motion for a new trial did not contain a general specification that the decision was not sustained by sufficient evidence and is contrary to law.

The above indicates to this writer that there is an immediate need for clarification in this area by our Supreme Court. Even though in my opinion, the *Nunemaker* case may conform to the apparant trend indicated by recent amendments to the rules and decision of the Supreme Court, I feel that this court is bound by the decisions of our Supreme Court where it has spoken.

NOTE.—Reported in 228 N. E. 2d 31.