INDIANA AND MICHIGAN ELECTRIC COMPANY *v.* BROWN ET AL.

[No. 14,299. Filed January 7, 1932. Rehearing denied April 7, 1932. Transfer denied November 3, 1932.]

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellant.

*Otto H. Krieg* and *Claude Cline,* for appellee.

KIME, J.—The appellant was securing a right-of-way for its electric line. It sent an agent to the appellee to attempt to procure an easement over land he occupied. The agent was advised by another employee of the appellant that appellee did not have complete control or ownership of the property for the reason that someone had foreclosed a mortgage, and that the property had been sold on sheriff's sale. This agent was not successful in procuring the easement. The appellant, with this knowledge in addition to that furnished by the public records, sent another agent to negotiate with appellee. This second agent was also told specifically by the notary accompanying him (who was acquainted in the neighborhood) of the facts disclosed to the first agent relative to the sheriff's sale. In the face of this constructive and actual knowledge of the status of the title, the appellant agreed to pay appellee $1,500.00 for an easement. The appellee gave them the easement and received a check for $1,500.00 He cashed this check at the office of the other appellee herein, but when the check reached the home bank payment on same had been stopped by appellant.

The appellant then filed a complaint on the theory of fraud and asked that appellee be enjoined from negotiating the check and for its cancellation. Appellee answered by general denial and filed a cross-complaint asking for judgment on the check. This was answered by general denial and a second paragraph of no consideration. There was then filed a supplemental complaint alleging that a second easement had been

purchased from the purchaser of the sheriff's deed for $1,500.00, which was merely explanatory of subsequent events. The appellee filed a general denial to the supplemental complaint, and a second paragraph of cross-complaint, setting out the transaction in greater detail. There was filed to this an answer of general denial and an answer of no consideration.

The court made a special finding of facts and rendered conclusions of law thereon to the effect that the plaintiff take nothing on its complaint and that defendant recover $1,720.00 on his cross-complaint. Exceptions were taken to the conclusions of law. A motion for a new trial, assigning that the "finding" is contrary to law, was filed. Other non-statutory reasons were assigned but will not be noticed. Judgment was rendered in conformity to the conclusions of law. The only error assigned here is the overruling of the motion for a new trial. (No error is assigned as to the conclusions of law.)

The appellant seeks to have determined whether or not appellee was the owner of the fee at the time he granted the easement. However that may be, we do not believe that it is necessary to a determination of this case. Appellant voluntarily agreed to pay appellee for an easement, knowing constructively from the records and actually from two other separate sources (as found specifically by the court) that the title was somewhat encumbered, if not clouded. Appellee gave them what they possibly desired, namely, the present right of access to the land. Immediately after receiving his written offer to accept $1,500.00, they caused to be prepared by their own counsel what they were satisfied with in the form of an easement. Appellee signed this and they entered upon the land immediately. Several days later he received the check which he cashed at a broker's office, the payment of which appellant stopped at its home

bank. Appellee repaid the money he received from the broker (the other appellee here) and sued on the check in his cross-complaint. Upon a special finding of facts the lower court concluded the law to be with the cross-complainant, the appellee, Brown, and judgment was rendered accordingly. There is no error assigned as to the conclusions of law. The only cause in the motion for a new trial is that "the finding of the court is contrary to law." This assignment does not perform the office of an exception to the conclusions of law with error assigned thereon. *Bundy* v. *McClarnon* (1888), 118 Ind. 165, 20 N. E. 718.

Finding no assigned reversible error the judgment of the Wabash Circuit Court is therefore affirmed and it is so ordered.